### LOLA BLAISDELL v CLARENCE BLAISDELL

Ohio Appeals, 6th Dist, Williams Co

No. 172. Decided October 21, 1929

Mr. C. L. Newcomer, Bryan, for Lola Blaisdell.

Mr. H. H. DeMuth, Bryan, for Clarence Blaisdell.

### BY THE COURT

These children, at the time of the hearing had on these motions, were each more than ten years of age and by **8033 GC,** had the right to choose with which parent they would live, and the court had no power to give the custody of the children to persons other than the parents unless it were proved that both parents were improper persons to have their custody, care and control. The evidence shows that the income of plaintiff was substantially the same at the time the court modified the original order as when the original finding was made and that, although plaintiff has remarried and assumed the additional burden incident thereto, his earnings are sufficient to meet these obligations. In any event, there being no children by the second marriage, his remarriage can not serve as an excuse to avoid his prior duty to these children.

The divorce was granted to defendant because of the aggression of the plaintiff, and the custody of the children, they being under ten years of age at the time of the decree, was awarded to their mother, the defendant.

We have read all of the testimony presented in the bill of exceptions and find nothing therein showing that either the plaintiff or the defendant is morally or

physically unfit to have the custody of the children or that plaintiff is any the less able, except for his subsequent marriage, to pay the sums originally ordered by the court to be paid for the support of the children. The evidence also shows that the defendant is now residing with her parents, to whom the custody of the children was awarded by the modified order of the court.

In our opinion the judgment of the court is manifestly against the weight of the evidence and should be so modified as to require plaintiff to pay for the support of the children, until otherwise ordered, the sums fixed in the original order, the custody of the children, however, to remain with their grandparents until the further order of the court or until they or either of them shall choose to live with one or the other of their parents, the statute so privileging them to do unless it should appear that such parent is an improper person to have such custody.

If the parties hereto consent to such modification, the judgment will be affirmed as modified; otherwise it will be reversed as manifestly against the weight of the evidence.

Williams, Lloyd and Richards, JJ, concur.