## HARSH v HARSH

Ohio Appeals, 2nd Dist, Darke Co.

No. 571.   Decided Dec. 23, 1939.

Manuel   Zimmerman,   Toledo,   for plaintiff-appellant.

Maher & Marchal, Greenville, for defendant-appellee.

### OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from an order of the Common Pleas Court refusing to modify a former order of the court as to the custody of a child of the parties.

The question presented arose by reason of a motion filed by counsel for the plaintiff which, insofar as pertinent, is as follows:

"For further order enforcing the former order of this court made on December 11, 1928, granting permanent custody of a minor child, Eldred Harsh, to his mother, the plaintiff; and expunging the following clause from said former order, 'and the custody of said minor child is given to the defendant's parents temporarily'; and that said minor child be ordered to his mother's custody instanter in order to enforce the intentions of the court in the said former order."

Upon this motion the court took testimony, incorporated in a bill of exceptions, which we have carefully read.

The pertinent facts are that on December 11, 1928, Doris Harsh, the wife,

was granted a divorce from Alva Harsh, the husband, on the ground of gross neglect of duty and the order as to the custody of the minor child, then two years of age, was incorporated in the judgment entry and insofar as pertinent is as follows:

"Plaintiff is granted an absolute divorce from defendant and the custody of said minor child is given to defendant's parents temporarily and until the further orders of the court, but plaintiff is not to lose the permanent custody of said child, and may visit said child at least once a week and at any reasonable time, and may have said child under her care at least once a month for a day at a time, * * *."

The child has resided with the paternal granddparents, Mr. and Mrs. Thomas Harsh since the custodial order and is now 14 years of age.

At the outest we are confronted with the unusual and somewhat contradictory language of the custodial entry. It speaks of temporary custody to the defendant's parents but that plaintiff is not to lose the permanent custody of said child and then provides that his mother may visit him at stated times. It is obvious that the permanent custody of the child to all intents and purposes has been in the grandparents and that the mother has only enjoyed the right of visitation, or at the most, only temporary custody of her son. This apparent inconsistency in probability resulted because of the prayer of plaintiff's petition wherein the plaintiff asked for "an absolute divorce and the right to the care and custody of said child at least one day each week and for all other proper relief."

The order from which the appeal is prosecuted insofar as pertinent is as follows:

"It is by the court ordered that the former order of the court will not be modified and that the custody of said minor child will continue in the grandparents, Mr. and Mrs. Thomas Harsh, until further order of the court."

"It is by the court further ordered that the plaintiff will be permitted to visit the child at reasonable times and that said plaintiff may have said child as a guest in her home for a period of several weeks during the summer of each year."

It will be observed that this order is a modification to the extent that it makes definite and certain the respecvite rights of the plaintiff and the paternal grandparents of Eldred Harsh as to his custody.

A number of errors are assigned but the one question presented is whether or not the trial judge committed any prejudicial error to the rights of the plaintiff in making the custodial order which we have heretofore quoted.

We have been favored with the written opinion of Judge Brumbaugh which indicates the basis for the order which he made.

We are satisfied that the reasons he assigns are well supported by the evidence.

It is urged that the child has been required to do excessive manual labor and that he is not properly housed because of congested conditions in the home of his grandparents. There is insufficient support for the former claim. There is some merit in the latter contention. However, it does not appear that the somewhat congested housing arrangement will tend to affect the morals of the minor nor his health. It is obvious that his grandparents are people of modest means but are providing the best home for the minor of which they are capable. They are now elderly and have in the main assumed the burden of the care, education, maintenance and rearing of the minor throughout his infancy and for a period of almost twelve years. The child now has the advantage of a good school and according to his statement on the witness stand would prefer to live with his grandparents. We do not give any great weight to this statement because it was made under rather embarrassing conditions. In such a situation as presented it is advisable for the

trial judge to confer privately with the minor so that there can be no doubt as to his real desires as tested in the light of all the circumstances with which he is surrounded.

The controlling factor in this case is that these grandparents without their solicitation and upon the request of the mother have throughout the years assumed the burden of the custody of the child. It appears equitable that this custody should not at this time be changed. In this conclusion we recognize that the mother ordinarily has the first right to the custody of her child, has a suitable home for him, is remarried and her husband has indicated a desire and willingness to assist in the care incident to the custody of the minor. There are no other children in their home and no doubt the boy would be provided with proper and suitable surroundings. We have no doubt that the mother is acting in good faith and with a desire to have the companionship and association of her child and to assuume the obligation of a parent.

However, in the peculiar situation here presented we are of opinion that the judgment of the trial court in making the custodial order should not be disturbed and that the judgment should be affirmed. For a case supporting the action of the trial judge we refer to Clark v Bayer, 32 Oh St 299, wherein the facts are somewhat similar to those in the instant case, although, in this case no odium is attached to the mother in permitting the child to be awarded to his grandparents because in all probability it was the only thing that she could do at the time.

GEIGER and BARNES, JJ., concur.