The third claim of the defendants is in effect disposed of by these conclusions.

For these reasons, the judgments of the Municipal Court are reversed and the defendants will be discharged.

*Judgments reversed.*

Ross, P. J., HILDEBRANT and MATTHEWS, JJ., concur in the syllabus, opinion and judgment.

BAKER, APPELLEE, *v.* BAKER, APPELLANT.

(No. 457—Decided April 25, 1949.)

*Mr. B. H. Dewey* and *Mr. A. W. Overmyer*, for appellee.

*Messrs. Stout & Stout*, for appellant.

Fess, J. In 1941 plaintiff, James E. Baker, since deceased, was divorced from the defendant, appellant herein, and custody of an infant child was awarded to the then plaintiff. On June 13, 1947, defendant filed a motion in the case reciting that the plaintiff had died and that the child was residing with its paternal grandparents at Clyde, Ohio; and defendant moved that the former order be modified and the care, control and custody of the child, now seven years of age, be confided to the defendant mother.

On November 12, 1948, an entry was filed reciting that the cause came on to be heard upon the motion *and the evidence, and the court being fully advised in the premises* finds that Alma J. Baker (now Alma J. Rathbun) is the surviving parent of James Thomas Baker, a minor of the age of eight years, and that as such surviving parent she is entitled to the care and custody of the child. The entry provides further that the mother shall have the care, custody and control of the child until further order of the court.

The entry provides also that the paternal grand-mother, Leona Baker, if she so desires, may have the child in her home every other weekend during the school year from Friday evening until Sunday evening and have the child for one week during the Christmas or the spring vacation; also may have the child for one month during the summer. It was further ordered that the mother and grandmother shall have the right of visitation at reasonable times during the absence of the child from either home and while in the custody of the other until further order of the court.

Defendant filed notice of appeal on questions of law from the order entered on November 12, 1948. Pursuant to praecipe, a transcript of the docket and journal entries and pleadings was filed. No bill of exceptions or transcript of the evidence was filed.

Leona Baker, the grandmother, as defendant-appellee, moves to dismiss the appeal on the ground (1) that no application for new trial was filed and (2) that no bill of exceptions was filed. Alma Rathbun in turn moves to dismiss the motion on the ground that Leona Baker is not a party to the action or the appeal.

The transcript of the docket reveals that pursuant to a praecipe appended to Alma Rathbun's motion, summons was served upon Mr. and Mrs. Baker on June 14, 1947. Since the Bakers had actual custody of the child, they should have been formally made parties in the action. But the motion to change the custody of the child is a special proceeding ancillary to the divorce action, and the service of summons and their participation in the proceeding below and in this court is sufficient to recognize them as parties herein. Therefore, the motion to dismiss the motion to dismiss the appeal is overruled.

Coming to pass upon the merits of the motion to

dismiss, an application for new trial is no longer necessary to lay the foundation for appellate consideration of the contention that the verdict, report or decision is contrary to law, provided the matter has been submitted to the trial court and the error claimed appears as a part of the record. Section 11576-1, General Code. Failure to file a bill of exceptions is not a valid ground for dismissing an appeal. In case no bill of exceptions is filed, the appellate court may consider and pass upon only those assigned errors which may appear from the transcript of the docket and journal entries and other original papers certified as the record. It has no testimony or any of the proceedings incident to the hearing below before it. The motion to dismiss the appeal is, therefore, overruled.

It is the contention of the defendant that the import of the entry with respect to the custody of the child is to divide its custody between its mother and its paternal grandmother, contrary to the provisions of Sections 8032, 8033 and 8034, General Code, and that as between a parent and grandparent, the parent has the right to the sole custody of a minor child in the absence of a finding that the parent is an unfit person to have such custody. Since the entry makes separate provision for visitation, it is apparent that custody is divided between the mother and grandmother.

The provisions of Sections 8032, 8033 and 8034, General Code, were first enacted in 1893. 90 Ohio Laws, 186. Prior to 1893, Section 5696, Revised Statutes, the predecessor of present Section 11987, General Code, was in force in substantially the same phraseology. Section 11987, General Code, originated in the act of December 29, 1804 (3 Ohio Laws, 177), which provided that:

"The court shall take [*sic*] such order for the distribution, care and maintenance of the children of such

marriage, if any there be, as shall appear just and reasonable, and the circumstances of the parties may require.''

(The territorial act of 1795 provided that in case of divorce because of aggression of the wife, the court shall make such distribution of the children as the court shall think proper.)

Prior to and since 1893 it has been held that in determining the custody of children, the paramount consideration is what is for the best interest of the child. *Hoffman* v. *Hoffman*, 15 Ohio St., 427; *Clark* v. *Bayer*, 32 Ohio St., 299, 30 Am. Rep., 593; *Neil* v. *Neil*, 38 Ohio St., 558; *Rogers* v. *Rogers*, 51 Ohio St., 1, 36 N. E., 310; *Addams* v. *State, ex rel.*, 104 Ohio St., 475, 135 N. E., 667; *In re Coons*, 20 C. C., 47, 11 C. D., 208; *In re Hampshire*, 17 Ohio App., 139, 144; *Weiss* v. *Fite*, 19 Ohio App., 309.

In support of her contention that the court below erred in awarding partial custody to the child's grandmother, defendant cites *Luebkeman* v. *Luebkeman*, 75 Ohio App., 566, 61 N. E. (2d), 638, which holds custody of children may not be awarded to any other person than their parents unless a finding is made of the unfitness of the parents to have their children's custody as provided by Section 8033, General Code. In that case the award of custody of a child to his grandparents incident to the granting of a divorce was reversed. In *In re Duffy*, 78 Ohio App., 16, 68 N. E. (2d), 842, the same Court of Appeals again held that a parent has the right to the custody of his child against all persons, unless shown to be unfit. However, as between grandparents who have had the custody of a child and a parent who has not, the courts have approved retention of custody by the grandparents or given them partial custody. The court which decided the *Luebkeman* and *Duffy cases* apparently overlooked

its previous unofficially reported decision in *Harsh* v. *Harsh*, 30 Ohio Law Abs., 580, wherein upon authority of *Clark* v. *Bayer*, 32 Ohio St., 299, 30 Am. Rep., 593, it approved retention of custody by grandparents who had had the custody of the child for 12 years. In *Blaisdell* v. *Blaisdell*, 7 Ohio Law Abs., 685, this Court of Appeals approved the award of custody to the mother's parents with whom the mother and children were residing, although the syllabus recites that the court has no power to give custody of children to persons others than parents, unless proven unfit.

Regardless of the foregoing comment, the instant case involves a change of custody previously ordered in the original divorce proceeding. With respect to a change of custody, Section 8034-1, General Code, as amended January 1, 1946, provides in part:

"In any case where a Common Pleas Court, or other court having jurisdiction, has made an award of the custody or an order for support or both of a minor child or children, the jurisdiction of such court shall not abate upon the death of the person awarded custody of said child or children, but shall continue for all purposes during the minority of said child or children and such court, upon its own motion or the motion of either parent or upon the motion of an interested person, acting in behalf of the child or children, *may proceed to make further disposition of the case in the best interests* of the child or children, * * *." (Italics ours.)

Section 8034-1, General Code, by specific terms, makes it applicable to pending actions, so Section 26, General Code, does not apply.

Although the entry here in question does not state that it is for the best interest of the child, it does recite that it was made upon the evidence and that the court was fully advised in the premises. It therefore

cannot be held that that portion awarding partial custody to the grandmother is contrary to law, nor can it be found that it was an abuse of discretion. In the absence of a bill of exceptions, for aught we know, there was ample evidence to justify upon equitable principles the terms of the entry. In argument and the briefs, it is conceded that the mother and grandmother are reputable persons and able to care for the child; that at the time of the divorce the mother was but 16 years of age; and that, pursuant to the custody awarded the father, the child had been raised in the home of the grandparents from the time it was six months old. We are not permitted to consider this upon the appeal, but direct attention to it as an indication of what may have been before the court below in making the award. The court may have justified the entry upon the principle stated by Ashburn, J., in *Clark* v. *Bayer, supra,* at page 306:

"After the affections of both child and adopted parent become engaged, and a state of things has arisen which cannot be altered without risking the happiness of the child, and the father wants to reclaim it, the better opinion is that he is not in a position to have the interference of a court in his favor. His parental rights must yield to the feelings, interests, and rights of other parties acquired with his consent."

The trial court retains jurisdiction to modify the award upon a change of conditions in case the order shall not operate for the best interests of the child. *Corbett* v. *Corbett*, 123 Ohio St., 76, 174 N. E., 10; *Dailey* v. *Dailey,* 146 Ohio St., 93, 64 N. E. (2d), 246.

*Judgment affirmed.*

CONN and CARPENTER, JJ., concur.