MARTIN, APPELLEE, *v.* MARTIN, APPELLANT.

(No. 9629—Decided July 16, 1980.)

*Messrs. Vasko, Howard & Morris* and *Mr. C. Donald Morris,* for appellee.

*Amer, Cunningham & Brennan Co., L.P.A., Mr. Richard T. Cunningham* and *Mr. Andrew R. Duff,* for appellant.

VICTOR, P. J. This appeal is from an order of the domestic relations division of the Court of Common Pleas of Summit County wherein the court ordered the defendant to increase his child support payments.

On June 5, 1974, the parties were divorced. Plaintiff-appellee, Madelyn J. Martin, was granted custody of the two minor children and defendant-appellant, Robert C. Martin, III, was ordered to pay for the support of the children.

On September 26, 1979, plaintiff asked the court to increase the support order. On December 6, 1979, the referee ordered an increase from $30 per week per child to $40 per week per child. The basis for the recommendation was that the defendant's earnings had increased substantially over the years, so as to amount to a change of circumstances.

The defendant filed his objections to the referee's report. The objections were heard by the trial judge who adopted the report and ruled that:

" * * * defendant has remarried and has two children by such marriage and that he has increased expenses associated with his new family, but that said increased expense should not be taken into consideration by the court in determining whether the defendant has an increased ability to pay child support."

In this appeal, defendant contends that the court erred in finding changed circumstances sufficient to warrant an increase in child support, solely on the basis of defendant's increased earnings, without making a determination of his ability to pay an increased amount for child support.

In Ohio, a trial court has the power to modify child support payments upon a showing of changed circumstances. *Peters* v. *Peters* (1968), 14 Ohio St. 2d 268. The question that must be decided in this case is whether a court must consider a noncustodial parent's remarriage, and its resulting obligations, in determining whether changed circumstances exist.

R. C. 3109.05 provides, in pertinent part, that:

" * * * In determining the amount reasonable or necessary for child support the court shall consider all relevant factors including:

"(A) The financial resources of the child;

"(B) The financial resources and needs of the custodial parent;

"(C) The standard of living the child would have enjoyed had the marriage continued;

"(D) The physical and emotional condition of the child, and his educational needs;

"(E) The financial resources and needs of the noncustodial parent;

"(F) The educational needs of the child and the educational opportunities which would have been available to him had the circumstances requiring a court order for his support not arisen."

We held in *Arthur* v. *Arthur* (Summit Co. Ct. of Appeals No. 8882, December 6, 1978), unreported, that R. C. 3109.05 applies to modification proceedings as well as an original proceeding. We also said in *Arthur* " * * * that an increased ability to pay support is a sufficient * * * [showing of changed circumstances to warrant] an increase in payments where there are no countervailing circumstances.* * * " However,

we did not define what we meant by "countervailing circumstances."

The record discloses that the defendant's annual salary has increased over $3,000 since the original order. Based on this figure, the court increased the support payments approximately $1,000 per year without considering the defendant's increased expenses arising from his second marriage and new family, including two children who were the issue of the second marriage.

Plaintiff contends that such additional expenses are not "needs" as that term is used in R. C. 3109.05 (E). Further, plaintiff argues that these increased expenses were voluntarily assumed by the defendant at the time of his remarriage; at which time, he was fully cognizant of his duty to support the children of his prior marriage. In addition, plaintiff argues that, to permit a court to consider such increased expenses in determining child support, militates against the best interests of the children of the first marriage and infringes upon their right to enjoy a standard of living reasonably commensurate to that which the children would have enjoyed had the marriage continued. R. C. 3109.05 (C).

No Ohio cases answer the question directly. The case of *Blaisdell* v. *Blaisdell* (1929), 7 Ohio Law Abs. 685 does imply, however, that such expenses should be taken into consideration where the new marriage produces children.

The rule in some states is that the remarriage of the father is not, in itself, a ground for reducing child support or refusing a needed increase in child support. Yet, the rule in other states is that while the remarriage of the father, standing alone, does not justify a reduction in child support payments, nevertheless, the remarriage and the resulting new obligations, particularly where there are additional children involved, are factors which ought to be considered where an application is made to modify an order for child support. The cases are collected and collated in Annotation 89 A.L.R. 2d 106. See, generally, 24 American Jurisprudence 2d, Divorce and Separation, Section 849.

We believe that a proper interpretation of R. C. 3109.05 (E) requires that a court, in determining "[t]he financial resources and needs of the noncustodial parent," consider the father's remarriage and its resulting new obligations, together

with the other factors delineated in R. C. 3109.05, before either granting or denying a change in a previous child support order. Remarriage and its new obligations are "countervailing circumstances" or needs as that term was used in our opinion in *Arthur* v. *Arthur, supra.*

Under such circumstances, however, where the evidence discloses that the father's income has increased since remarriage, a trial court, after considering the remarriage and the resulting new obligations, could properly find a change of circumstances and *increase* the award. Compare *Lott* v. *Lott* (1973), 17 Md. App. 440, 302 A. 2d 666.

As the court below failed to consider the remarriage issue at all, we remand this cause for further consideration.

The judgment is reversed and cause remanded.

*Judgment reversed and*
*cause remanded.*

MAHONEY and HUNSICKER, JJ., concur.

HUNSICKER, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6 (C), Article IV, Constitution.