**HUTCHINSON, Appellant,**

v.

**HUTCHINSON, Appellee.**

[Cite as *Hutchinson v. Hutchinson* (1993), 85 Ohio App.3d 173.]

Court of Appeals of Ohio,
Jackson County.

No. 693.

Decided Jan. 22, 1993.

■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Richard M. Lewis,* for appellant.

*Randy Lee Hutchinson,*[1] *pro se.*

PETER B. ABELE, Judge.

This is an appeal from a judgment entered by the Jackson County Common Pleas court denying Donna Sue Hutchinson, plaintiff below and appellant herein, her motion to modify the parties' decree of dissolution. Appellant requested that the court award to her one or more of the federal income tax dependency exemptions.

Appellant assigns the following error:

"The trial court erred in denying Donna Sue Hutchinson's motion to modify that part of Article V of the separation agreement, incorporated into the decree of dissolution, which gave petitioner Randy Lee Hutchinson the right to claim all three minor children for tax exemption purposes."

Appellant and Randy Lee Hutchinson, defendant below and appellee herein, filed their petition for dissolution of marriage and separation agreement on December 22, 1983. The separation agreement provided that appellee pay $35 per week to appellant for child support. The agreement also provided that "Husband shall be entitled to claim the minor children of the parties as dependents for income tax purposes." The child support payments have since been increased twice. Currently, the support payment is $115 per week. Both parties have remarried.

On October 21, 1991, appellant filed a motion to modify the decree of dissolution. Appellant requested an increase in child support and the right to claim the three minor children as dependents for federal income tax purposes. After

---

1. Appellee Randy Lee Hutchinson did not enter an appearance in the instant appeal.

conducting a hearing on December 20, 1991, the court overruled the portion of appellant's motion regarding the federal income tax exemptions.

Appellant filed a timely notice of appeal.

## I

Appellant asserts that the trial court erred by overruling her motion to modify the decree of dissolution and to award to her the right to claim the minor children as dependents for income tax purposes. Appellant argues that because she contributes more than one-half of the children's yearly expenses and support costs, it is in the best interests of the children to allow her to claim the dependency exemptions. In addition, appellant contends that because she now files a joint tax return with her current husband, the dependency exemptions would significantly lower their tax obligation, thus increasing the money she is able to spend on the children. Appellant further notes that before she remarried, she did not pay taxes because her individual income was less than the minimum income level requiring a tax return. See Section 6012(a)(1)(A)(i), Title 26, U.S.Code.[2]

■ R.C. 3105.65(B) gives the courts continuing jurisdiction "to modify all matters pertaining to the allocation of parental rights and responsibilities for the care of the children, to the designation of a residential parent and legal custodian of the children, to child support, and to visitation." In *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030, the court noted that an abuse of discretion standard applies to child support appeals:

" * * * [W]e believe that common sense and fundamental fairness compel the application of the 'abuse of discretion' standard in reviewing matters concerning child support and visitation rights. As this court has held many times, an ' "abuse of discretion" * * * implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * *' "

An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *In*

---

2. Section 6012, Title 26, U.S.Code states in pertinent part:

"(a) General rule.—Returns with respect to income taxes under subtitle A shall be made by the following:

"(1)(A) Every individual having for the taxable year gross income which equals or exceeds the exemption amount, except that a return shall not be required of an individual—

"(i) who is not married (determined by applying section 7703), is not a surviving spouse (as defined in section 2(a)), is not a head of a household (as defined in section 2(b)), and for the taxable year has gross income of less than the sum of the exemption amount plus the basic standard deduction applicable to such an individual * * *."

re *Jane Doe 1* (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181; and *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. *In re Jane Doe 1, supra; Berk v. Matthews* (1990), 53 Ohio St.3d 161, 559 N.E.2d 1301; and *Buckles v. Buckles* (1988), 46 Ohio App.3d 102, 546 N.E.2d 950.

The Internal Revenue Code provides that the custodial parent may claim the exemption if (1) that parent provides over half of the support for the child, and (2) the child lives with that parent for over one-half of the year. See Section 152(e)(1), Title 26, U.S.Code.[3] This arrangement may be modified by the parties in their separation agreement and upon an execution of a release by the non-exempting parent. See Section 152(e)(2), Title 26, U.S.Code. R.C. 3113.-21(B)(10) provides that whenever a court modifies, reviews, or otherwise reconsiders a child support order, the court may reconsider the issue of which parent may claim the children as dependents for federal income tax purposes. In *Singer v. Dickinson* (1992), 63 Ohio St.3d 408, 588 N.E.2d 806, paragraph one of the syllabus, the Ohio Supreme Court held:

"Section 152(e), Title 26, U.S. Code does not preempt a state court's authority to allocate the federal tax dependency exemption to the noncustodial parent (*Hughes v. Hughes* [1988], 35 Ohio St.3d 165, 518 N.E.2d 1213, syllabus, modified.)"

When determining which parent may claim the children as dependents for purposes of the income tax exemptions, the court must apply the "best interest of the child" test. *Singer,* 63 Ohio St.3d at 415, 588 N.E.2d at 811–812; *Bobo v. Jewell* (1988), 38 Ohio St.3d 330, 332, 528 N.E.2d 180, 183. In *Singer,* at paragraph two of the syllabus, the court wrote:

---

3. Section 152(e)(1) states:
   "(e) Support test in case of child of divorced parents, etc.—
   "(1) Custodial parent gets exemption.—Except as otherwise provided in this subsection, if—
   "(A) a child (as defined in section 151(c)(3)) receives over half of his support during the calendar year from his parents—
   "(i) who are divorced or legally separated under a decree of divorce or separate maintenance,
   "(ii) who are separated under a written separation agreement, or
   "(iii) who live apart at all times during the last 6 months of the calendar year, and
   "(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,
   "such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the 'custodial parent')."

"The allocation of the dependency exemption provided by Section 152(e), Title 26, U.S.Code may be awarded to the noncustodial parent when that allocation would produce a net tax savings for the parents, thereby furthering the best interest of the child."

The court held that trial courts should consider all pertinent factors when calculating the tax savings that might result from shifting the dependency exemption:

"Such savings would occur through allocation to the noncustodial parent only if the noncustodial parent's taxable income falls into a higher tax bracket than the tax bracket of the custodial parent. See *Bobo, supra,* 38 Ohio St.3d at 333, 528 N.E.2d at 183. If both parents' incomes are taxed in the same tax bracket, no net savings are realized by allocating the exemption to the noncustodial parent. In determining whether taxes would be saved by allocating the federal tax dependency exemption to the noncustodial parent, a court should review all pertinent factors, including the parents' gross incomes, the exemptions and deductions to which the parents are otherwise entitled, and the relevant federal, state, and local income tax rates." *Singer,* 63 Ohio St.3d at 415–416, 588 N.E.2d at 812. See, also, *Murphy v. Dennis* (Sept. 8, 1992), Butler App. No. CA91–122–216, unreported, 1992 WL 217509.

We note the *Singer* court did not address the question of whether a stepparent's income should be considered when determining what tax savings might be realized from shifting the dependency exemption from one parent to another. Appellant asserts that in the instant case, the court should have considered the fact she is remarried and files joint tax returns with her spouse.

Although our research has not located any Ohio case addressing this precise issue, the instant case is very similar to those cases where courts have been asked to consider whether an increase in income brought about by remarriage may be considered when determining the amount of child support a noncustodial parent must pay. A review of those cases reveals that courts have held that it is within the trial court's discretion whether to consider the new spouse's income in determining the amount of child support the noncustodial parent must pay. See *Snyder v. Snyder* (1985), 27 Ohio App.3d 1, 27 OBR 1, 499 N.E.2d 320; *Esber v. Esber* (1989), 63 Ohio App.3d 394, 579 N.E.2d 222; *Martin v. Martin* (1980), 69 Ohio App.2d 78, 23 O.O.3d 102, 430 N.E.2d 962.

We hold that just as it is within a trial court's discretion whether to consider a new spouse's income when determining the amount of child support, it is also within the trial court's discretion whether to consider a new spouse's

income when determining the question of who should be awarded the income tax dependency exemption. Absent an abuse of discretion by the trial court, we will not reverse the trial court's judgment.

In the case *sub judice,* we note the child support agency did not report the new spouse's income on the worksheet it filed with the court. The evidence reveals appellee's annual gross income is $19,801 and appellant's annual gross income is $3,780. At oral argument on her motion, appellant testified as to her new spouse's income and that she and her new spouse file a joint tax return. Appellant stated her spouse is employed and earns $22,000 per year. A review of the record reveals that when determining this matter, the trial court considered many factors, including (1) appellant's remarriage, (2) appellant's new spouse's income, (3) the fact appellant and her spouse file joint income tax returns, and (4) appellant's expenses relative to the children.

After a review of the evidence adduced at the trial, we conclude the trial court did not abuse its discretion in deciding this matter. The court considered the fact that appellant's new spouse earns income; however, the court chose not to include the parties' spouses' incomes in its analysis of appellant's motion to modify the decree of dissolution. The court's decision does not evidence an unreasonable, arbitrary, or unconscionable attitude. Although we may have decided this matter differently, we may not substitute our judgment for that of the trial court.

Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error.

*Judgment affirmed.*

GREY and HARSHA, JJ., concur.