Jill (Fairbanks) EYRING, Plaintiff
and Appellee,

v.

Roger R. FAIRBANKS, Defendant
and Appellant.

No. 950371–CA.

Court of Appeals of Utah.

June 6, 1996.

Roger R. Fairbanks, Sandy, Appellant pro se.

Frederick N. Green, Green & Berry, Salt Lake City, for Appellee.

Before ORME, DAVIS and GREENWOOD, JJ.

DAVIS, Associate Presiding Judge:

Defendant Roger R. Fairbanks appeals from the trial court's denial of his motion to compel and ruling sustaining plaintiff Jill (Fairbanks) Eyring's objection to the commissioner's recommendation. We reverse.

## FACTS

The parties entered into a stipulated supplemental decree of divorce (the decree), which was approved by the trial court on January 22, 1993. Relevant to the instant appeal, paragraph 16 of the decree provides:

The defendant is awarded the right to purchase the tax exemptions for the parties' minor children from plaintiff. Defendant may exercise this right by paying to plaintiff any difference in *her tax liability* resulting from defendant purchasing the right to claim said tax exemptions. In order to implement this provision, the parties are ordered as follows: *Each party* shall exchange W–2 forms for the previous

tax year no later than the end of February of the following year. Plaintiff is ordered to prepare *her tax return* and provide defendant with a copy by the end of February as required for the W–2 exchange herein. Defendant shall then have fifteen (15) days in which to elect to purchase any or all of the tax exemptions for the parties' minor children. Defendant is ordered to notify plaintiff by March 15th of his intent to purchase any of said exemptions and shall pay the expense plaintiff incurs to have *her tax return* recalculated as the result of defendant's election to purchase any or all of said exemptions....

(Emphasis added.)

Defendant exercised his right to purchase the exemptions for the 1992 tax year. However, because plaintiff did not have any tax liability in 1992, defendant was not required to reimburse any amount to plaintiff.

Plaintiff remarried in February of 1993. For the 1993 tax year, plaintiff filed a joint return with her new husband, even though she was "substantially unemployed" in 1993. Defendant again elected to purchase the tax exemptions for the parties' minor children for the 1993 tax year. However, plaintiff agreed to release the exemptions only if defendant agreed to pay plaintiff $3,044.49, which represented the tax liability represented by the value of the exemptions based on her husband's income. Defendant paid the amount under protest and subsequently filed a motion to compel requesting that plaintiff be required to reimburse defendant the amount paid to her. Defendant argued the language of the decree provided for consideration of plaintiff's tax liability based on income generated by *her* employment alone, and any tax liability based on the income of plaintiff's new husband should not be considered. Plaintiff responded by arguing that because of her remarriage, her husband's tax liability becomes her tax liability when they file a joint return and, therefore, his income must be considered when determining whether she has sustained any tax liability as a

result of her losing the exemptions for the minor children.

The issue was first addressed by a District Court Commissioner who, on August 16, 1994, made a minute entry recommending defendant's motion to compel be granted. The commissioner reasoned that because (1) defendant pays one hundred percent of the parties' children's support and (2) plaintiff's husband's income is not considered when determining defendant's child support, the only reasonable interpretation of the decree is "that only the tax liability of [the] ... parents [should] ... be considered in determining the amount, if any, defendant is to reimburse plaintiff for the right to claim the children as his dependents."

Plaintiff filed an objection to the commissioner's recommendation, arguing that the language "her tax liability" contained in the decree includes both her tax liability from her own employment and the tax liability resulting from her husband's income. In support of this position, plaintiff notes that because she is remarried and files a joint return with her new husband, she is jointly and severally liable for the taxes.

After a hearing, the trial court sustained plaintiff's objection to the commissioner's recommendation and denied defendant's motion to compel. The trial court based its decision on two grounds. The court first stated that the pre–1994 child support guidelines were established on the assumption that the tax exemption for the parties' minor children would go to the custodial parent and, therefore, defendant was receiving a benefit because the child support amounts were lower because of the presumption. Secondly, and most compelling to the trial court, was that the language "her tax liability" should be interpreted to mean her liability after remarriage and filing a joint tax return with her new spouse. The court reasoned that by signing a joint tax return, plaintiff was jointly and severally liable for the tax liability incurred because of her spouse's income, therefore, his tax liability is her tax liability.[1]

Defendant appeals the trial court's ruling.

---

**1.** The trial court took no particular note of the fact that plaintiff was not legally required to sign a joint return. Subjecting herself to joint and several liability for her new husband's income tax liability was wholly voluntary on her part. She was entitled to file her own separate return

## ISSUE

The sole issue we need to address on appeal is whether the trial court erred in its interpretation of the language "her tax liability" included in the decree.[2]

## ANALYSIS

■ Neither party argues the term "her tax liability" is ambiguous, nor did the trial court indicate whether it found the language ambiguous, but simply interpreted the term. A term is ambiguous if it has two or more possible interpretations. *Bettinger v. Bettinger*, 793 P.2d 389, 392 (Utah App.1990). Whether a term is ambiguous is a question of law. *Id.* at 391. If a trial court determines that language contained in a judgment is unambiguous, we "review its interpretation under a correctness standard." *Id.*

■ The Internal Revenue Code provides that the custodial parent receives the benefit of using the exemptions for divorced parties' minor children. 26 U.S.C.A. § 152(e)(1) (Supp.1996). Nonetheless, it is well settled in this jurisdiction that the divorce court has "the power to order a custodial parent to execute a declaration [that he or she will not claim the exemption or exemptions] in favor of the noncustodial parent." *Motes v. Motes*, 786 P.2d 232, 240 (Utah App.1989), *cert. denied*, 795 P.2d 1138 (Utah 1990). Further, parties to a divorce may alter this presumption by entering into a stipulated agreement. *See* 26 U.S.C.A. § 152(e)(2); *Hutchinson v. Hutchinson*, 85 Ohio App.3d 173, 619 N.E.2d 466, 467–68 (1993). Where the parties' express agreement to waive the custodial parent's right to use the tax exemptions under certain conditions is reflected in a divorce decree, this agreement will be enforced. *See Rohr v. Rohr*, 118 Idaho 689, 800 P.2d 85, 93–94 (1990); *see also Bettinger*, 793 P.2d at 391

and be liable only for taxes on her own income, rather than on her husband's, if she prefers.

2. Although plaintiff claims defendant's appeal was not timely, we conclude that the argument is without merit. The trial court specifically required that the transcript from the October 24, 1994 hearing be made part of the order granting plaintiff's objection to the commissioner's recommendation. When the first order was signed on February 3, 1995, the transcript was not avail-

("A judgment must be enforced as written if the language is clear and unambiguous.").

■ "It is a basic rule of ... interpretation that the intent of the parties is to be determined from the writing itself, with each provision being considered in relation to all others." *Willard Pease Oil & Gas Co. v. Pioneer Oil & Gas Co.*, 899 P.2d 766, 770 (Utah 1995). In the case at bar, when reviewing the language contained in paragraph 16 as a whole, it is clear the parties did not intend that plaintiff have the option of including a future spouse's income into the calculations. The decree provides that "each party" shall submit to the other their respective W–2s so they can determine who would benefit most from the tax exemptions. Plaintiff is required to prepare a tax return utilizing the W–2s required for the exchange, which does not include a future spouse. Thus, it is apparent the provision did not embrace plaintiff's tax liability based on someone else's income.

Under the terms of the decree, defendant has until March 15 to purchase the tax exemptions from plaintiff. At this time, because plaintiff is substantially unemployed, she has no tax liability. Plaintiff argues that because she signs a joint return with her husband, she is jointly and severally liable for the taxes which are incurred based on his income and, therefore, she incurs a tax liability. *See* 26 U.S.C.A. § 6013(d)(3) (Supp. 1996). However, plaintiff cannot sign and file a joint return with her husband which utilizes the exemptions for the minor children, thus incurring a tax liability, until defendant has decided whether he will purchase the tax exemptions from her. Until plaintiff signs the joint return with her husband, she has no tax liability because she is substantially unemployed.[3]

able. Thus, by the trial court's own mandate, the February 3 order was not valid. The May 2, 1995 order signed by the trial judge is the valid, appealable order, as the essential transcript was finally available to be made part of the order.

3. Plaintiff argues her spouse's income should be considered based on the fact that he is required by statute to support his stepchildren. *See* Utah Code Ann. § 78–45–4.1 (1992). While we have not addressed the propriety of requiring a step-

Accordingly, we hold that the trial court erred in interpreting the language "her tax liability" to include the tax liability incurred based on plaintiff's new spouse's income and that the decree, by its express terms, provides that the parties must consider only their income, and not the income of plaintiff's future spouse.[4]

## CONCLUSION

We hold that the express terms of the decree provide that the parties include only their individual incomes to determine which party would benefit more from utilizing the tax exemptions and reverse the trial court's ruling that the language "her tax liability" contained in paragraph 16 of the decree should be interpreted to include plaintiff's

spouse's income in calculating plaintiff's tax liability. Accordingly, we remand to the trial court for an evidentiary hearing to determine the amount owed to defendant for each year he paid plaintiff for the value of the exemptions based on her spouse's income and to enter judgment in favor of defendant accordingly.

ORME, P.J., and GREENWOOD, J., concur.

---

parent to support children who are not his or her own, we note that when determining the amount of a parent's child support obligation, "[o]nly income of the natural or adoptive parents of the child may be used to determine the [obligation] under" the child support guidelines. *Id.* § 78–45–7.4. Thus, theoretically, children receive all of the necessary support from the natural or adoptive parents. Accordingly, plaintiff's argument

for including her spouse's income in the tax liability calculations fails.

4. Because plaintiff was not the prevailing party on appeal, we deny her request for attorney fees. *See Bell v. Bell*, 810 P.2d 489, 494 (Utah App. 1991).