OPINION
This appeal arises from a trial court judgment entry granting relief to Appellee, Dewayne Stottler, pursuant to his motions for contempt and other relief. For the foregoing reasons, this Court affirms the trial court judgment in part and reverses in part.
The parties to this matter are the natural parents of a minor child, born June 27, 1987. The parties were never married, but co-habitated. Following their separation, the Belmont County Juvenile Court issued a Shared Parenting Plan naming Appellant, Crystal Scatterday, the primary residential parent during the school year and Appellee the primary residential parent during the summer months. The trial court granted the non-residential parent visitation rights on alternate weekends as well as on days of special meaning. Appellant lives in Powhatan Point, Ohio and Appellee lives in Barnesville, Ohio. The towns are approximately thirty (30) minutes apart by automobile.
Upon Appellee's motion, the lower court granted the following relief relevant to this appeal on February 7, 1996:
 "Regarding Branch 1, * * * the court orders an extra week-end of visitation [for Appellee] to be made up within ninety (90) days from the file of this entry.
 "Regarding Branch 2, * * * the child should be involved in only one baseball league at a time * * * It is therefore Ordered that the child play at Barnesville only * * *
 "Regarding Branch 5, * * * The paternal grandparents are granted one week-end of visitation rights through the summer (June, July, and August) on every third week-end.
 "Regarding Branch 6, It is further the Order of the Court that should [Appellant] be in Barnesville within four (4) hours of the end of any visitation period that she provide transportation home at the appropriate time for termination of the visitation.
 "Regarding Branch 7, * * * [Appellee] shall receive the 1995 and thereafter federal and state income tax deduction for the minor child, such deduction is contingent upon [Appellee] remaining current in his child support obligations."
Appellant timely appealed to this Court raising five assignments of error.
At the outset, it must be noted that it is abundantly clear that the parties cannot or do not cooperate over almost any custody or visitation issues. It is reflected in the record that both parties constantly have attempted to thwart the other's interactions with the child through a host of small, petty transgressions. At least two judges have attempted to cut through the parties' small arguments to the point that visitation and its surrounding issues are becoming micro-regulated.
Appellant's first assignment of error alleges:
 "THE LOWER COURT'S RULING THAT APPELLEE WAS ENTITLED TO A MAKE UP WEEKEND VISITATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
In the first assignment, the court's ruling stems from Appellee's request that the court find Appellant in contempt of a previous court order granting Appellee visitation on Mother's Day, 1995. In his motion, Appellee stated that he understood that the minor child wished to spend Mother's Day, 1995, with Appellant. Appellee stated that he suggested a make-up visitation which Appellant refused.
As the lower court did not find Appellant in contempt for withholding visitation, Appellant charges that the lower court's ruling that Appellee be granted a make-up visitation is against the manifest weight of the evidence. Appellant states that the minor child spent Mother's Day, 1995, with her according to the existing court order, that is, the father's visitation was to last from Friday night until only Sunday morning to enable the child to spend the Sunday holiday with his mother.
Although Appellant asserts that the lower court's decision was against the manifest weight of the evidence, we can only interpret her argument to actually be centered around a purported abuse of discretion. A trial court has broad yet limited discretion in matters of custody modification. Miller v. Miller
(1988), 37 Ohio St.3d 71, 74. The Ohio Supreme Court has always applied the "abuse of discretion" standard when reviewing the propriety of a trial court's action in domestic relations matters, including custody proceedings. Booth v. Booth (1989),44 Ohio St.3d 142, 144.
 "Since it is axiomatic that a trial court must have discretion to do what is equitable upon the facts and circumstances of each case, [Citations omitted], it necessarily follows that a trial court's decision in domestic relations matters should not be disturbed on appeal unless the decision involves more than an error of judgment. * * * [W]e believe that common sense and fundamental fairness compel the application of the "abuse of discretion' standard in reviewing matters concerning child support and visitation rights."
"The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 218 quoting State v. Adams
(1980), 62 Ohio St.2d 151. With respect to Appellant's first assignment of error we find no abuse of discretion.
R.C § 3109.051(D) delineates fifteen (15) factors a court is to consider when establishing a specific visitation schedule and specific visitation matters. R.C. § 3109.051(D)(10) provides that the court shall consider, "Each parent's willingness to reschedule missed visitation and to facilitate the other parent's visitation rights * * *." Furthermore, R.C. § 3109.051(D)(15) provides that the court shall consider, "Any other factor in the best interest of the child." As earlier stated, the parties' complete failure to cooperate leads the lower court to micro-manage and regulate every aspect of visitation.
The transcript of proceedings clearly demonstrates that the trial court heard testimony concerning these factors. Appellee testified that over the Mother's Day weekend, Appellant refused to reschedule his visitation when she scheduled a cub scout outing for the minor child. The Mother's Day weekend would ordinarily be Appellee's scheduled visitation weekend. (Tr. 3.) Appellee testified that he did, in fact, visit with his son on the weekend in question in compliance with the previous visitation schedule mandating the child's early return on the holiday. (Tr. 16-17.) Despite the fact that the visitation schedule did not appear to be vastly disrupted, the trial court was within its discretion in ordering an additional visitation to Appellee considering the testimony that Appellant was uncooperative in resolving any conflict and apparently attempted to divest Appellee of his scheduled visit. We find the court's decision under these facts not unreasonable, arbitrary or unconscionable. Blakemore, supra at 18. Therefore, Appellant's first assignment of error is without merit.
Appellant's second assignment of error alleges:
 "THE LOWER COURT'S RULING THAT THE MINOR CHILD PLAY BASEBALL ONLY IN BARNESVILLE, AND THE APPELLANT TRANSPORT THE MINOR CHILD TO BASEBALL PRACTICE AND GAMES, WHILE IN HER CUSTODY, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
This assignment of error concerns the minor child's enrollment in two little league baseball programs, one in each of the parents' home towns. Again, we interpret Appellant's assignment of error to concern an abuse of discretion rather than a question of manifest weight of the evidence. Booth v. Booth, supra at 144.
With respect to the second assignment of error, the trial court heard testimony from both parents concerning the minor child's baseball schedule. For example, Appellee testified that the child played baseball in Barnesville for three years while only playing in Powhatan Point for one year. (Tr. 37.) Appellant testified that there were conflicts between the schedules of the two teams. (Tr. 39.)
In finding that the child should be involved in a single baseball league, the trial court specifically stated that, "* * * having the child involved in two (2) baseball programs at some distance apart is difficult for all involved * * * the Court finds that the least disruptive situation and the best interest of the child is for the child to play baseball at Barnesville only." Based on the record, the trial court did not act in an unreasonable, arbitrary or unconscionable manner. Therefore, we find no abuse of discretion in this matter. Blakemore, supra at 18. Appellant's second assignment of error is without merit.
Appellant's third assignment of error alleges:
 "THE LOWER COURT'S RULING THAT THE PATERNAL GRANDPARENT'S RECEIVE VISITATION EVERY THIRD WEEKEND DURING THE APPELLEE'S SUMMER VISITATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
As with her first and second assignments of error, we interpret Appellant's third assignment of error to concern an abuse of discretion rather than a question of manifest weight of the evidence. Booth v. Booth, supra at 144.
According to R.C. § 3109.12(B), in granting visitation rights to the paternal grandparents of the child of an unmarried woman, the court must determine that such visitation is in the best interest of the child. In addition, R.C. § 3109.12(B) provides that the court, "* * * shall consider all relevant factors, including, but not limited to, the factors set forth in division (D) of section 3109.051 of the Revised Code." Relevant to this assignment of error, R.C. § 3109.051(D) provides that the court consider:
 "(1) The prior interaction and interrelationships of the child with his parents, siblings, and other persons related by consanguinity or affinity, and with the person who requested companionship or visitation if that person is not a parent, sibling, or relative of the child;
 "(2) * * * if the person who requested companionship or visitation is not a parent, the geographical location of that person's residence and the distance between that person's residence and the child's residence."
In the present case, the court heard testimony that the paternal grandparents had a close relationship with the minor child and were instrumental in raising him. (Tr. 53.) Appellant did not deny that the paternal grandparents and the minor child had a close relationship. (Tr. 45.) The court also heard testimony that the paternal grandparents lived three miles away from their son who was the custodial parent during the summer months which are the subject months of the court order in question. (Tr. 53.)
As the trial court considered testimony relating to the factors relevant to R.C. § 3109.12(B) in awarding visitation to the paternal grandparents, we find no unreasonable, arbitrary or unconscionable act by the lower court. Therefore, we find no abuse of discretion. Blakemore v. Blakemore, supra at 218. Appellant's third assignment of error is without merit.
Appellant's fourth assignment of error alleges:
 "THE LOWER COURT'S RULING THAT APPELLANT REMAIN IN APPELLEE'S TOWN FOR UP TO FOUR (4) HOURS TO PICK UP OR DROP OFF THE MINOR CHILD WAS AGAINST THE MANIFEST WEIGHT OF EVIDENCE."
As with her previous assignments of error, we interpret Appellant's fourth assignment of error to concern an abuse of discretion rather than a question of manifest weight of the evidence. Booth v. Booth, supra at 144. Unlike her earlier arguments, however, we find that the record reflects that Appellant's arguments have merit. As the court's order in this respect was unreasonable and arbitrary, we must reverse the decision of the lower court only as to this issue.
The court heard testimony from Appellee that Appellant sometimes would be in the general Barnesville area shortly before the time of Appellee's visitations with the minor child but that she would return to her home in Powhatan Point, requiring Appellee to travel to Appellant's home to pick up the minor child for visitation. (Tr. 11.) Appellant also testified that she was often near Barnesville at some point before Appellee's visitation was to begin yet drove home to Powhatan Point. (Tr. 46.) Appellant testified that she has another small child as well, and has time constraints due to her husband's schedule and that of her other child. She stated that several times she has tried to work out this situation to the satisfaction of all concerned, but that Appellee has been adamant that his schedule not be disrupted for her convenience. (Tr. 46-47, 50-51). It is certainly reasonable that the court require Appellant to remain in or near Barnesville if she intended to be in the close vicinity for a reasonable time for the convenience of Appellee and the child. However, the trial court had no basis for setting a four hour time frame for such an accommodation particularly when the record reflects that this would serve to completely inconvenience Appellant. It is Appellee's duty to pick up and deliver the child on his visitation weekends. The court's order here disregards that duty. The record reflects no rationale at all for this portion of the order.
With no justification for the time frame or for the shift in duties of the parties, we find that the lower court abused its discretion in ordering Appellant to remain near Barnesville for this interlude. We therefore find Appellant's fourth assignment of error has merit. Accordingly, the trial court's order that, "* * * should the [Appellant] be in Barnesville within four (4) hours of the end of any visitation period that she provide transportation home at the appropriate time for termination of the visitation" is reversed.
Appellant's fifth assignment of error alleges:
 "THE LOWER COURT ERRED WHEN IT FAILED TO ALLOW APPELLANT A DEPENDENCY DEDUCTION ON HER INCOME TAX FOR THE MINOR CHILD."
Appellant argues that as she has custody of the minor child for nine months of each year and that as she and her current husband provide the bulk of the support for the minor child, Section 152 (e), Title 26, U.S. Code requires that she be entitled to the dependency deduction. Appellant concedes that Bobo v. Jewell
(1988), 38 Ohio St.3d 330 stands for the proposition that a non-custodial parent may receive the exemption, but only if the record reflects that the child's best interest is promoted thereby. Appellant also concedes awarding the dependency deduction in order to free up more income to spend on the minor child promotes the best interest of the child. Hutchinson v.Hutchinson (1993), 85 Ohio App.3d 173. However, Appellant argues that if Appellee is to receive the dependency deduction this results in a windfall to him as he may deduct more from his taxes than he pays in child support.
Appellant does not address the issue raised in Hughes v. Hughes
(1988), 35 Ohio St.3d 165. In Hughes, the Ohio Supreme Court determined that Section 152 (e), Title 26, U.S. Code, exists for the administrative convenience of the Internal Revenue Service to avoid uncertainty as to who may claim the dependency exemption.Id. at 167-168. "Given this purpose of administrative convenience, [The Ohio Supreme Court] recognized, as have a majority of other courts, that Section 152 (e) does not limit a state court's authority to allocate the exemption to noncustodial parents." Singer v. Dickinson (1992), 63 Ohio St.3d 408, 411. Furthermore, "[t]he allocation of the dependency exemption provided by Section 152 (e), Title 26, U.S. Code, may be awarded to the noncustodial parent when that allocation would produce a net tax savings for the parents, thereby furthering the best interest of the child." Id. at 415.
 "In determining whether taxes would be saved by allocating the federal tax dependency exemption to the noncustodial parent, a court should review all pertinent factors, including the parents' gross incomes, the exemptions and deduction to which the parents are otherwise entitled, and the relevant federal, state, and local income tax rates."
Id. at 416.
Again, the standard of review we must use in this situation is whether the trial court abused its discretion. See, Booth v.Booth, supra at 144; Blakemore v. Blakemore, supra at 218. We find that the trial court did not abuse its discretion by awarding the dependency deduction to Appellee.
The trial court heard testimony that Appellant is unemployed and contributes no financial support to the minor child. (Tr. 47-48.) The trial court heard testimony that Appellee earns a gross income of $336.00 per week (Tr. 12) and that Appellee pays $42.00 per week in child support for forty-one weeks per year totaling $1,722.00 per year in support. Thus, the testimony indicates that the dependency deduction is $2,450.00, $728.00 more than Appellee pays in annual child support. (Tr. 50.) While there was testimony that Appellant's husband provides support for the minor child, conspicuously absent is any amount or valuation to be placed on that support. (Tr. 49-50).
In light of the testimony as it stands before the trial court, we find nothing unreasonable, arbitrary or unconscionable in the trial court's award in this matter, and therefore, no abuse of discretion. See, Blakemore v. Blakemore, supra at 218. Appellant's fifth assignment of error lacks merit.
For the foregoing reasons we affirm the trial court's decision with respect to Appellant's first, second, third and fifth assignments of error, and reverse the trial court's decision with respect to Appellant's fourth assignment of error.
Cox, P.J., dissents in part. See dissenting in part opinion.
Vukovich, J., concurs.
APPROVED:
 _________________________ CHERYL L WAITE, JUDGE