COOPER, APPELLANT, *v.*
COOPER, APPELLEE.

(No. 15-82-5—Decided June 1, 1983.)

Childs, Fortney & Campbell Co., L.P.A., and Mr. Phil W. Campbell, for appellant.

Mr. Roy E. Cooper, pro se.

GUERNSEY, J. On June 4, 1981, pursuant to the petition of the parties, Rowena Christina Cooper and Roy E. Cooper, the Court of Common Pleas of Van Wert County dissolved their marriage, adopting their separation agreement filed with the petition, which, among other things, prescribed:

"Husband shall pay child support in the sum of Ninety ($90.00) per two weeks plus Two percent (2%) service fee to the Bureau of Support. Such support is based on a net income of Four Hundred Twelve Dollars ($412.00) from hourly labor and Two Hundred Eighteen Dollars ($218.00) from Farm on a two week period. * * *"

On January 15, 1982, the Director of the Bureau of Support filed its "report to the Court that a change in circumstances has occurred in the income of the [*sic*] Roy E. Cooper and suggests to the Court that the Court consider a modification of the support order heretofore made."

The common pleas court immediately ordered the matter "of the consideration of a modification of the previous order of the court relative to child support" to be heard ten days thereafter.

On January 19, 1982, counsel for the appellant-wife filed his praecipe for a subpoena duces tecum and on January 25, 1982, appeared and submitted his client to the jurisdiction of the trial court without objection. The appellee-husband was not represented by counsel and the court examined him as on direct examination, with the wife's counsel examining him on cross-examination. The court offered the appellant an opportunity on more than one occasion to present her side of the matter and ultimately her counsel stated, "Well I don't think we have presented our portion of the case at all your honor, he had the burden of going forward we're

responding at this time but I don't think he's shown a change in circumstances."

On July 23, 1982, the trial court filed its judgment entry reciting that the matter came "on to be heard on the Court's own motion based upon the suggestion of the Bureau of Support that there had been a change in the income of the petitioner, Roy E. Cooper," and making the following findings and order:

"The Court finds that the previous order of support was based upon the agreement of the parties which contemplated that Roy E. Cooper would have an average of $109.00 per week net income from self-employment as a farmer in addition to his regular wages.

"The Court finds that based upon an accrual method of accounting that petitioner, Roy E. Cooper, did not have any net income from farming in 1981 and in fact suffered a loss.

"Therefore, the Court finds that his child support should be modified and based upon his net income from his regular employment only.

"It is ORDERED that the child support be reduced and commencing July 9, 1982, and continuing for at least the next twelve (12) months that Petitioner, Roy E. Cooper, shall pay to the Bureau of Support of this Court the sum of $30.00 per week plus service fee of 2% payable to Rowena Christina Cooper as and for the support of the minor child."

It is from this judgment that the appellant appeals assigning error as indicated. The appellee has not been represented by counsel in this court; neither has he personally appeared in this court, although being notified of all proceedings.

"ASSIGNMENT OF ERROR I. The court erred by bringing the matter forward of its own motion."

Our decision in the case of *Costilla* v. *Costilla* (1976), Defiance App. No. 4-76-3, unreported, stands for the proposition that it is reversible error for a divorce court to proceed with its continuing jurisdiction under the provisions of Civ. R. 75(J) (now Civ. R. 75[I]) except by motion filed in the original action. Examination of the statutes dealing with bureaus of support, R.C. 2301.34 *et seq.,* discloses that such statutes contemplate the implementation and enforcement of existing support orders but do not contemplate that either the bureau of support, or the court on its suggestion, shall initiate the modification of a support order as to either party to a divorce or dissolution.

As found in *Corbett* v. *Corbett* (1930), 123 Ohio St. 76, paragraphs one and two of the syllabus, decided long before the adoption of Civ. R. 75:

"1. A decree of divorce terminating the marriage contract of parents who have minor children, which decree provides for the custody, care and support of such minor or minors by the parents respectively during such minority or for a lesser period of time, named in the decree, continues the jurisdiction of the court for such period without any express reservation in the decree itself.

"2. The proper practice in securing a modification of such decree with respect to the custody, care or support of such minors, is by motion filed in the original divorce action by the party seeking such modification."

In his thorough discussion of the characteristics of this continuing jurisdiction, also reflected in the syllabus, in *Van Divort* v. *Van Divort* (1956), 165 Ohio St. 141, 144-145 [59 O.O. 207], Judge Hart said:

"It is the function of such application or motion to invoke the further action of the court and to advise the court and the opposite party of the conditions relied upon as justifying a modification of the order for support. Under the continuing jurisdiction of the court in such an action, the filing of a motion for a modification of the decree for support is not the institution of a new or original proceeding but of one ancillary and incidental to the original action. No new service of summons on a

party is necessary to give the court jurisdiction to make further orders as to minor-child support. The party remains subject to the jurisdiction of the court in that regard, without reference to the place of his residence or further steps to acquire jurisdiction of his person.

"* * *

"It remains to be determined what summons or notice must be given to the opposite party of a motion or application to the court to modify its former award for support. At this point it is to be observed that there is no provision in the statutory law of this state for any method of notice in such cases. The method and sufficiency of such notice are therefore left to the sound discretion of the court."

Civ. R. 75(I) now establishes that the "continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Rule 4 through Rule 4.6. * * *"

Thus, in the case here on appeal the Court of Common Pleas of Van Wert County retained continuing jurisdiction over both the subject matter and the parties to modify its previous child support order and that jurisdiction could be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Rule 4 through Rule 4.6. The appellant does not contend that she did not have notice of the hearing on the court's "motion" and, as we have heretofore noted, she appeared and made no objection to the court's proceeding with the hearing, at which time she had the same opportunity to present her evidence in opposition to modification as she would have had if the court's continuing jurisdiction had been properly invoked by a motion of the husband for modification. In our opinion, in these circumstances, she waived any requirement that the continuing jurisdiction be invoked by the husband's motion and, in any

event, was not prejudiced by the mere fact that it was invoked by the court's motion rather than the husband's.

We find the first assignment of error without merit.

"ASSIGNMENT OF ERROR IV. The court erred by not applying the actual information and tax refund to the base available for child support payments."

We find this assignment of error not well-taken because the record does not show, as the appellant claims, that the trial court's standards for child support were not applied. Likewise, there is no legal requirement that such standards be applied.

"ASSIGNMENT OF ERROR II. The court erred in reducing the agreed child support when the evidence showed increased non-farm earning and an increase in acreage farmed."

"ASSIGNMENT OF ERROR III. The court erred in that its approach allows a child-support paying farmer to reduce the benefits to the child while increasing the farmer's size of operation, net worth, and tax benefits. A purposefully brought about change in circumstances by the complaining party is not an adequate basis for modifying a decree."

"ASSIGNMENT OF ERROR V. The court's decision below to reduce child support is not supported by credible evidence and therefore is against the manifest weight of the evidence."

These assignments of error may be summarized as follows: that the judgment is not supported by the evidence, is against the weight of the evidence and is contrary to law.

*Peters* v. *Peters* (1968), 14 Ohio St. 2d 268 [43 O.O.2d 441], paragraph one of the syllabus, establishes that:

"A decree of divorce, which provides for the custody and support of minor children of the divorced parties, continues the jurisdiction of the court with respect to the support of such children during their minority, notwithstanding the

absence of any express reservation in the decree with respect thereto and notwithstanding the amount specified for support of such children in such decree had been adjudged pursuant to a separation agreement approved by the court in that decree. In such an instance, the court may increase or decrease the provisions for support of such minor children *as changed circumstances may require.* * * *" (Emphasis added.)

At least one court of appeals has held that "R.C. 3109.05 * * * applies to modification proceedings as well as original proceedings." *Martin* v. *Martin* (1980), 69 Ohio App. 2d 78 [23 O.O.3d 102], paragraph one of the syllabus. We agree. Obviously a change in the "relevant factors" set forth in R.C. 3109.05, to be considered in determining child support would, appropriately, be considered a change of circumstances justifying a modification of the child support order.

Conceivably, where objection to its invoking jurisdiction has, as here, been waived, the trial court might reasonably be justified in ordering increased support where the child's needs are so great that public interest is involved, but, in our opinion, the same rationale would not apply where, as here, the benefit involved is to the supporting parent and not to the child. In such case we are of the opinion that at some time before the modification judgment is rendered it must appear that the supporting parent is actively seeking such modification. The appellee has filed no written motion to such effect and his statements, conduct and testimony at hearing are somewhat equivocal as to whether he was actively seeking modification. Accordingly, we will only assume that his oral statements and conduct during the hearing fulfilled any requirement that he be considered as having initiated the modification. In any event, it was his burden, particularly in the face of his previous child support agreement, to prove that from the time of the dissolution decree to the time of the modification

hearing there had been changed circumstances as contemplated in *Peters* v. *Peters, supra,* and as set forth in R.C. 3109.05.

Without having any background information the transcript of proceedings is, to us, largely incomprehensible, but it does appear therefrom that the appellee father relies on a purported absence of farm income for 1981 as both constituting the change in circumstances justifying modification as well as the reason therefor. A fair reading of the evidence, however, shows that during 1981, he was involved in altering his farming arrangements, both as to the partnership organization under which he farmed and as to an increasing acreage on which the farming was done. This resulted, apparently, in increasing expenses and his need for more money with which to accomplish his purpose of eventually concentrating on farming; as he puts it, "I am, we're setting up a different type partnership. My father is retired and we're working differently that's why I'm trying to get money back so I can farm[;] that is what my livelihood is going to be." However, during the year 1981, he sold no crops, and apparently, for this reason, asserts that he had no farm income. It appears from the journal entry of the trial court that the court arrived at much the same conclusion notwithstanding that there was evidence of grain held by the appellee in storage, which, if sold, may have produced the cash income which he was otherwise lacking.

Farm income, whether realized by the sale of crops, or not realized because of the storage of crops is, nevertheless, real income to the farmer, and the evidence in the record does not establish that such real income, even after expenses, was any the lesser in 1981 than it was in 1980.

Moreover, equally and independently as important, was the necessity that the court shall consider all relevant factors including those listed in R.C. 3109.05. The appellee offered no evidence whatsoever

relating to any factors other than his own resources or needs, and there was no evidence offered by the appellee, or considered by the court, as to the financial resources and needs of the minor child and the custodial parent at the time of the hearing.

In our opinion there was a complete failure of proof of any change in circumstances justifying the trial court's consideration of a modification of the child support provisions or of proof of any relevant factors justifying a decrease.

We find the second, third and fifth assignments of error well-taken requiring reversal and final judgment denying the modification.

*Judgment reversed.*

MILLER, P.J., and COLE, J., concur.