**HUGHES, Appellant,**

**v.**

**HUGHES, Appellee.**

[Cite as *Hughes v. Hughes* (1991), 72 Ohio App.3d 286.]

Court of Appeals of Ohio,
Lucas County.

No. L-89-386.

Decided Jan. 25, 1991.

*Sharon L. Griffin,* for appellant.
*V. Robert Candiello,* for appellee.

HANDWORK, Presiding Judge.

The parties to the present appeal were divorced on April 10, 1986. The final entry of divorce contained the following pertinent language:

"It is FURTHER ORDERED, ADJUDGED AND DECREED by this court that * * * the Defendant herein, shall thereinafter be entitled to claim all of the minor children of the parties, as a dependency deduction on his yearly Federal, State and local income tax returns * * *."

Appellee sought enforcement of this provision by filing a motion requiring appellant to show cause why she should not be held in contempt for violating said order, and further seeking monetary damages. The record reflects that the trial court found that for the tax year 1986 appellee did claim his children as exemptions on his tax return. The court further found that in the years of 1987 and 1988 appellee was precluded from claiming his children as exemptions on his federal tax return because appellant had not filed federal form No. 83-32—release of claim for child of divorced or separated parents. This form was required by Section 152, Title 26, U.S.Code, and had the effect of indicating to the Internal Revenue Service that a custodial parent was giving up the right to claim children as exemptions and granting said right to a noncustodial parent. This form was first required by federal law in 1987.

The court further found that appellant was aware of the prior order and had willfully failed to comply; that appellant had claimed the four exemptions for 1987 and 1988 on her federal and state tax returns; that appellant had stated that she would not sign the waiver of exemption; and that appellant was aware that the Supreme Court of Ohio had determined that the trial court had properly awarded the dependency exemptions to the noncustodial parent. *Hughes v. Hughes* (1988), 35 Ohio St.3d 165, 518 N.E.2d 1213.

Appellant contends that the April 10, 1986 order does not require her to sign any federal tax form, and thus maintains she should not be held in contempt of court, for she has violated no court order. Based upon the findings of fact as recited above, the trial court made the following orders:

"1. That plaintiff be found guilty of contempt of court for failure to comply with the prior order of this court that defendant be granted the income tax exempt for the minor children for the tax year 1987.

"2. That plaintiff be found guilty of contempt of court for failure to comply with the prior order of this court that defendant be granted the income tax exempt for the minor children for the tax year 1988.

"3. That plaintiff be ordered to pay a fine of $250.00 for each finding of contempt, a total fine of $500.00; that said fine be suspended if plaintiff

executes a release of claim of exemptions for the four minor children for the tax year 1989 within 90 days hereof.

"4. That defendant be granted a lump sum judgment in the amount of $5,643.00 representing his additional tax liability for the tax years 1987 and 1988, with statutory interest thereon."

 Thereafter appellant filed a timely notice of appeal setting forth the following assignments of error:

"1.) The trial court lacked jurisdiction, and erred as a matter of law, when it found Appellant in contempt of court.

"2.) The trial court lacked jurisdiction, and erred as a matter of law, when it assessed punitive fines against Appellant.

"3.) The trial court lacked jurisdiction, and erred as a matter of law, when it awarded a lump sum judgment representing Appellee's tax liability for the 1987 and 1988 tax years, with statutory interest thereon.

"4.) The trial court lacked jurisdiction and abused its discretion when it awarded punitive attorney fees to Appellee."

In essence, appellant challenges the trial court's decision in two ways. Initially she suggests in each assignment of error that the trial court lacked jurisdiction to issue the orders in question. Civ.R. 75(I) provides in pertinent part:

"Continuing Jurisdiction. The continuing jurisdiction of the court shall be invoked by motion filed in the original action * * *."

The Third District Court of Appeals has noted in *Cooper v. Cooper* (1983), 10 Ohio App.3d 143, 10 OBR 194, 460 N.E.2d 1137, at paragraph one of the syllabus:

"Pursuant to Civ.R. 75(I), a divorce court retains continuing jurisdiction over both the subject matter and the parties to modify its previous child support order, and that jurisdiction can be properly invoked only by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Civ.R. 4 through 4.6."

While the *Cooper* case obviously relates to the enforcement of a previous child support order, the principle is clear that pursuant to Civ.R. 75(I) the court has jurisdiction to enforce its previous orders.

Appellant's Assignments of Error Nos. 1 through 4, to the extent that they question the jurisdiction of the trial court to act on the motions filed, are found not well taken.

 We turn now to a discussion of the remaining issues set forth in Assignments of Error Nos. 1 through 4. Appellant maintains in Assignment

of Error No. 1 that the trial court erred when it found her in contempt of court for failing to comply with the court's order of April 10, 1986, granting appellee the tax exemptions for the minor children. The power of a court to punish for contempt is set forth in R.C. 2705.01 *et seq.* In pertinent part, R.C. 2705.02 states:

"A person guilty of any of the following acts may be punished as for a contempt:

"(A) disobedience of, or resistance to, a lawful * * * order * * * of a court * * *."

At the time of the order in question no question existed regarding the validity of the trial court's original order. See *Hughes v. Hughes, supra.* The only question was how the court would enforce its order when indeed the order itself had not specified that appellant must sign a form to effectuate the intent of the order. Justice Holmes, writing for the majority in the *Hughes* case, expressed this same concern:

"We cannot, for example, force a custodial parent to execute the requisite declaration. * * *

"We can only speculate as to the determination the Internal Revenue Service will make should Mrs. Hughes choose to disobey the court order at issue herein and refuse to execute the exemption declaration. If, in such case, Internal Revenue Service follows the presumption set forth in Section 152 and awards the exemption to Mrs. Hughes, the custodial parent, then one of Mr. Hughes' options, in addition to appeal of the IRS ruling, would be a contempt of court action in state court against Mrs. Hughes, seeking enforcement of the court order." *Hughes v. Hughes,* 35 Ohio St.3d at 167–168, 518 N.E.2d at 1216.

Clearly, the Supreme Court made no specific finding as to how the trial court should enforce its orders in the situation presented; yet it tacitly approved the method employed by appellee in this case. Indeed, the trial court did not order appellant to sign a waiver form, but it lawfully awarded tax exemptions for the children to appellee. When the federal tax law was amended to require a custodial parent to sign a form which could be attached to the noncustodial parent's tax return, advising the Internal Revenue Service to grant the exemptions to the noncustodial parent, the intent of the trial court could only be realized if appellant did sign the form. There is no doubt that the trial court intended that consequence to occur. There is no doubt that the trial court's order was lawful. There is no doubt that the court had jurisdiction over the parties, and there is no doubt that appellant's resistance to any act required to effectuate the lawful order of the court was contemptuous. R.C. 2705.02(A).

■ We find as a matter of law that the trial court may, in a post-divorce proceeding, exercise its powers of contempt to punish any party over whom it has jurisdiction by virtue of a previous divorce decree, when said party purposely resists doing an act which, when done, would effectuate the court's clear intent as expressed in the final order of divorce.

The appellant's first assignment of error alleging that the trial court erred when it found appellant in contempt of court is found not well taken.

■ Appellant further suggests in Assignment of Error No. 2 that the fines were unlawful. They were not. R.C. 2705.05 provides in pertinent part:

"(A) * * * If the accused is found guilty, the court may impose any of the following penalties:

"(1) for a first offense, a fine of not more than $250 * * *;

"(2) for a second offense, a fine of not more than $500 * * *."

Appellant was fined $250 for each finding of contempt for a total fine of $500. These fines were totally within the authority granted to the court by law and thus the sanctions imposed were legal.

Assignment of Error No. 2 which alleged that the court assessed punitive fines against the appellant is found not well taken.

■ Appellant further contends in Assignment of Error No. 3 that the trial court erred in awarding a lump sum judgment representing appellee's additional tax liability. This liability was incurred because the Internal Revenue Service would not grant him the exemptions to which, by court order, he was entitled. Had appellant signed the requisite form for appellee to attach to his annual tax return, this result would not have occurred. Having found that the lower court was justified in finding appellant in contempt of court for her resistance to a lawful court order, it would be ludicrous to suggest that the same court could not put the parties before it in the positions it intended them to occupy. Consequently, having found that appellant's actions cost appellee $5,643, it was totally appropriate for the court to order appellant to reimburse appellee the sum of money he lost as a consequence of her contemptuous act.

Assignment of Error No. 3 insofar as it suggests that the court erred in awarding a lump sum judgment representing appellee's tax liability for the 1987 and 1988 tax years, with statutory interest thereon, is found not well taken.

■ Lastly, in Assignment of Error No. 4, appellant contends that the court abused its discretion when it awarded appellee his attorney fees. Abuse of discretion has been discussed in the case of *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, at 219, 5 OBR 481, at 482, 450 N.E.2d 1140, at 1142, as follows:

"The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."

Applying the standard set forth in *Blakemore* to the circumstances of this case, we find that the trial court clearly acted within the bounds of its discretion. Appellant further suggests that the court erred in awarding attorney fees to appellee. Clearly, a trial court has the authority, after entry of a divorce decree, to order the divorced husband to pay his former wife a reasonable amount for attorney fees incurred in post-decree modification proceedings relative to the support or custody of the minor children of the marriage. *Cohen v. Cohen* (1983), 8 Ohio App.3d 109, 8 OBR 143, 456 N.E.2d 581, at paragraph one of the syllabus. The principle set forth in *Cohen* is applicable to the facts of this case. Appellee has been required to incur additional legal fees to enforce appellant's legal obligation. He should not be forced to assume the burden of her inappropriate conduct. We hold that there has been no showing to suggest that the trial court either abused its discretion or awarded attorney fees that were punitive under the circumstances.

We therefore find that appellant's Assignment of Error No. 4 as it relates to the issue of abuse of discretion in awarding attorney fees is not well taken.

■ One remaining matter pending before the court is appellee's motion to dismiss. We consider this motion a request pursuant to App.R. 23 to award fees on the grounds that the prosecution of the instant appeal was frivolous. Upon consideration we find the motion well taken. Appellee is directed to submit documentation indicating the time spent defending this appeal and the court will consider this information in arriving at a final decision on the amount of fees to be awarded.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. This case is remanded to the trial court for further proceedings not inconsistent with this opinion.

*Judgment affirmed.*

GLASSER and MELVIN L. RESNICK, JJ., concur.