JOURNAL ENTRY and OPINION
Frederick C. Dubinsky, plaintiff-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, Case No D-208797, in which the trial court granted the post-decree motion to compel of Barbara F. Dubinsky, defendant-appellee. Plaintiff-appellant also appeals from the trial court's award of child support, the denial of his own motion to show cause and the trial court's award of attorney fees in favor of defendant-appellee. Plaintiff-appellant assigns four errors for this court's review.
Plaintiff-appellant's appeal is not well taken.
Plaintiff-appellant and defendant-appellee were divorced on October 15, 1993, through journalization of a settlement agreement reached in open court during divorce proceedings on June 14, 1993. Prior to journalization of the judgment, defendant-appellee retained new counsel and filed a motion to set aside the settlement agreement on the grounds that she was not competent at the time of the agreement and that she was coerced into entering the agreement by trial counsel. The trial court denied defendant-appellee's motion to set aside the settlement agreement.
On November 8, 1993, defendant-appellee filed a timely notice of appeal from the initial judgment of the trial court, as well as from the trial court's denial of her motion to set aside the settlement agreement. On March 7, 1994, while the appeal was still pending, defendant-appellee filed a motion to show cause and for attorney fees in which she maintained that plaintiff-appellant had failed to satisfy the division of property as allocated in the judgment entry of divorce then under appeal. A second motion was filed by defendant-appellee on July 14, 1994, in which defendant-appellee once again sought enforcement of the trial court's judgment under appeal, as well as modification of the child custody portions of the order. On December 22, 1994, defendant-appellee voluntarily withdrew her motion of March 7, 1994, leaving only the motion of July 14, 1994, pending.
The decision of the trial court was affirmed in its entirety by this court on March 9, 1995. See Dubinsky v. Dubinsky (Mar. 9, 1995), Cuyahoga App. Nos. 66439, 66440, unreported. Subsequently, on April 28, 1995, defendant-appellee filed a third motion to show cause and request for attorney fees seeking enforcement of the property division award and specific performance of the judgment entry. On April 2, 1996, plaintiff-appellant filed three motions with the trial court: (1) a motion to set and determine child support, (2) a motion to show cause, and (3) a motion for attorney fees. Plaintiff-appellant also sought an order terminating the shared-parenting plan entered into by the parties.
All pending motions were initially assigned to a trial court magistrate who conducted several pre-trial hearings in this matter at which psychological testing of the children was ordered, a new guardian ad litem was appointed and the children of the parties were interviewed. During the summer and fall of 1997, the trial court magistrate conducted a number of evidentiary hearings on all pending motions.
The magistrate subsequently continued the hearing on the pending motions to the weeks of May 11, 1998 and June 1, 1998. However, on May 11, 1998, the matter was returned to the docket of the trial judge. Subsequently, all motions relating to termination of the shared-parenting plan, child custody and proposed modification of visitation were withdrawn, leaving only defendant-appellee's motions to show cause and for attorney fees filed on July 14, 1994 and April 28, 1995, respectively, as well as plaintiff-appellant's April 2, 1996 motion to set and determine child support, motion to show cause and motion for attorney fees still pending.
The trial court conducted hearings on the remaining motions on May 11, 1998 and then for eight additional days on September 9, 10, 11, 14, 15, 22, 23 and 29, of 1998. During the course of the hearings, the trial court determined that plaintiff-appellant would not be permitted to offer testimony regarding his motion to show cause due to the fact that the motion and the supporting affidavit to the motion were not in compliance with Loc.R. 20 of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, in that the motion constituted a "vague, ambiguous and nonspecific pleading" which could not be answered in such form. The trial court stated further the doctrine of res judicata would not bar plaintiff-appellant from raising the same issues in a properly pled and supported motion filed at a later date. The trial court then proceeded with the hearing on defendant-appellee's motions to show cause and for attorney fees and plaintiff-appellant's motion to set and determine child support.
The hearings dealt with the following post-decree issues: the $85,000.00 property division and numerous alleged offsets; the award of interest on the unpaid amount of the property division; the award of certain retirement accounts to defendant-appellee with interest; the award of child support and the award of attorney fees to defendant-appellee.
Specifically, the trial court determined that, according to the divorce settlement, plaintiff-appellant was to have paid $85,000.00 to defendant-appellee pursuant to the agreed upon property division. The court found that plaintiff-appellant had only paid $51,619.60 of the agreed upon amount. The trial court determined further that plaintiff-appellant should receive a credit for the following items paid: $15,000.00 to one of defendant-appellee's former attorneys; $1,500.00 as a credit for delivery of a Dodge Colt automobile to defendant-appellee; $600.00 for payment of summer camp expenses for one of the couple's minor children; and $24.25 for payment of the children's school pictures. The trial court concluded that plaintiff-appellant owed $16,265.00 in principal and then assessed $16,986.00 in interest on the unpaid amount. The trial court found plaintiff-appellant in contempt of court for his failure to pay the entire amount of the property division.
Plaintiff-appellant also sought a credit and indemnification from defendant-appellee for $9,000.00 paid to satisfy another of defendant-appellee's attorney fee obligations to Climaco, Climaco Seminatore and $4,500.00 for defendant-appellee's share of the guardian ad litem fees incurred in the case which were paid by plaintiff-appellant. The trial court ultimately provided a partial offset of $6,000.00 for the legal fee paid and a full $4,500.00 offset for the guardian ad litem fee. The court based the $6,000.00 offset upon its contention that Climaco and defendant-appellee had agreed to settle the outstanding bill for $6,000.00 in return for prompt payment from defendant-appellee. Said payment was then prevented by plaintiff-appellant's failure to adhere to the terms of the property division. The trial court deducted these amounts from the total unpaid property division. The court completely rejected plaintiff-appellant's request for indemnification.
The trial court refused to allow an offset of $1,500.00 for alleged assets of the defendant-appellee's now defunct business known as 2nd Avenue; $131.43 for prescription benefits allegedly appropriated by defendant-appellee; $250.00 for a loan application; $575.00 for allegedly misappropriated dividend checks; $460.00 for taxes paid on behalf of one of the couple's minor children; $1,000.00 paid to defendant-appellee for executing a deed transfer for property located in Florida; and a $1,000.00 credit for child support purportedly paid to defendant-appellee prior to finalization of the divorce decree.
In addition, the trial court found that, pursuant to the divorce decree, plaintiff-appellant was obligated to transfer $25,000.00 in retirement assets to defendant-appellee once she provided an appropriate account number to effectuate the transfer. The court determined that, although it was unclear as to whether defendant-appellee had in fact provided the required account number, it was "abundantly clear" that no retirement funds had been transferred from plaintiff-appellant to defendant-appellee. The trial court determined further that, in addition to the $25,000.00 in retirement funds, plaintiff-appellant owed $12,500.00 to defendant-appellee in statutory interest on that amount in lieu of possible investment income lost during the time period the money remained in plaintiff-appellant's account. Given the uncertainty as to whether defendant-appellee provided the necessary account number, plaintiff-appellant was not held in contempt of court on this issue.
The trial court also determined that, pursuant to the divorce decree, plaintiff-appellant had been obligated to pay $48,000.00 to defendant-appellee in child support ($1,000.00 per month for 48 months). It is undisputed that plaintiff-appellant satisfied that obligation. At this point, the trial court found a substantial change of circumstances had occurred whereby defendant-appellee was now obligated to pay child support to plaintiff-appellant in the amount of $585.74 per month according to the child support guidelines. The court then reduced said amount to $300.00 per month based upon its contention that it would be unjust and not in the best interest of the remaining minor child to adhere to the guidelines in light of significant difference in the parties' incomes and lifestyles. The court determined that plaintiff-appellant earned approximately $200,000.00 per year and defendant-appellee earned approximately $50,000.00 per year, respectively. The trial court refused to allow plaintiff-appellant to testify as an expert on the subject of defendant-appellee's alleged underemployment. When plaintiff-appellant attempted to proffer his testimony regarding defendant-appellee's alleged underemployment, the trial court refused to remain in the courtroom to hear the proposed evidence.
Finally, the trial court determined that defendant-appellee was not obligated to contribute to plaintiff-appellant's attorney fees. However, the court determined further that plaintiff-appellant was obligated to pay defendant-appellee attorney fees in the amount of $10,797.50. The trial court arrived at this amount by taking defendant-appellee's bill, which totaled $13,798.00, and deducting $3,000.00 for defendant-appellee's unpaid child support obligation.
It is from these determinations by the trial court that plaintiff-appellant now appeals.
Plaintiff-appellant's first assignment of error states:
 I. THE JUDGMENT BELOW IS CONTRARY TO THE EVIDENCE, IS ERRONEOUS AS A MATTER OF LAW, AND CONSTITUTES AN ABUSE OF DISCRETION PREJUDICIAL TO PLAINTIFF TO THE EXTENT THAT IT FINDS PLAINTIFF IN CONTEMPT OF COURT AND RENDERS JUDGMENT FOR ARREARAGES AND INTEREST THEREON.
Plaintiff-appellant argues, through his first assignment of error, that the trial court improperly determined that he was in contempt of court for failure to pay the entire $85,000.00 as called for in the property division in the divorce decree. Specifically, plaintiff-appellant maintains that he did, in fact, pay the entire amount due if the trial court would have properly applied certain payments and/or credits he was allegedly entitled to receive. It is plaintiff-appellant's position that, had the disputed credits and payments been properly applied, it would have become apparent that plaintiff-appellant actually overpaid his property division obligation by $2,131.43. Plaintiff-appellant argues further that the trial court improperly awarded interest on the unpaid portion of the property division as well as on the retirement funds still to be transferred.
In Denovcheck v. Bd. of Trumbull Cty. Commrs. (1988), 36 Ohio St.3d 14,520 N.E.2d 1362, the Ohio Supreme Court, quotingWindharn Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55,271 N.E.2d 815, stated that "the purpose of contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice." See, also, Weber v. Weber (Oct. 20, 1999), Lorain App. No. 98CA007149, unreported. Therefore, a trial court is permitted great latitude in dealing with issues of contempt and such decisions will not be reversed absent an abuse of the trial court's discretion. An abuse of discretion connotes more than an error in law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable.Blakemore V. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142; State v. Lessin (1993), 67 Ohio St.3d 487, 494,620 N.E.2d 72; State ex rel. Celebrezze v. Gibbs (1991), 60 Ohio St.3d 69,573 N.E.2d 62. "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." In re Jane Doe 1 (1991),57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181; Dombroski v.Dombroski (Sept. 28, 1999), Harrison App. No. 506, unreported;Moore v. Moore (June 24, 1998), Summit App. No. 18674, unreported.
A reviewing court will not reverse factual findings that are supported by some competent, credible evidence. Pacific Natl. Bankv. Roulette (1986), 24 Ohio St.3d 17, 20, 492 N.E.2d 438; C.E.Morris Constr. Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,280, 376 N.E.2d 578. Clearly, the trial court is in the best position to judge the credibility of the testimony because it is in the best position to observe the witnesses' demeanor, gestures and voice inflections. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,461 N.E.2d 1273.
In the case sub judice, a review of the record demonstrates that the trial court did not abuse its discretion by finding plaintiff-appellant in contempt of court for failing to satisfy the property division as set forth in the judgment entry of divorce. Contrary to plaintiff-appellant's position, the trial court's refusal to credit plaintiff-appellant's alleged offsets toward the $85,000.00 property division award was not erroneous nor was the decision contrary to the evidence presented. A review of each proposed credit clearly reveals that plaintiff-appellant failed to present sufficient evidence in support of his position that the items should be offset from the total property division award.
Plaintiff-appellant initially contends that he was entitled to a $1,500.00 credit for alleged assets from a now defunct secondhand clothing store known as 2nd Avenue. However, the evidence demonstrated that defendant-appellee's interest in the defunct business was significantly exceeded by her liabilities, both of which were ultimately transferred to defendant-appellee's partner who subsequently closed the business. Plaintiff-appellant was unable to demonstrate that defendant-appellee received any money from this transaction and it was, therefore, properly disallowed by the trial court as a legitimate setoff.
Plaintiff-appellant argued further that he was entitled to a setoff in the amount of $131.43 for a prescription reimbursement benefit due the couple's minor child and $575.00 for additional dividend checks due the couple's other child, both of which were allegedly appropriated and cashed by defendant-appellee. However, plaintiff-appellant offered no evidence in support of his contentions that the prescription reimbursement or the dividend checks were misappropriated in any way. Consequently, the trial court did not abuse its discretion by failing to include these amounts in its final setoff calculations.
Plaintiff-appellant also sought to include a $460.00 credit for taxes he had paid for one of the couple's minor children. However, the record clearly demonstrates that the taxes were paid by plaintiff-appellant on a voluntary basis over an extended period of time. Therefore, the trial court was correct in determining that no grounds existed to use the tax payments as a setoff for the property division award.
Plaintiff-appellant also sought to include a $250.00 credit for a loan application fee. Plaintiff-appellant contended that the initial loan taken out to satisfy the agreed upon property division was not approved due to defendant-appellee's appeal from the underlying judgment and, therefore, he should be reimbursed for the application fee. As no agreement was ever made concerning such application fees, the trial court was correct in refusing to include the fee as a setoff from the property division award.
Plaintiff-appellant also sought to have credited $1,000.00 for a payment defendant-appellee allegedly received in exchange for signing a deed transfer for property located in Florida, as well as an additional $1,000.00 credit for child support allegedly received by defendant-appellee prior to finalization of the divorce decree. However, plaintiff-appellant once again failed to demonstrate that he had any connection with or was affected financially in any way by the $1,000.00 payment to defendant-appellee for the transfer of the Florida property. Similarly, plaintiff-appellant failed to demonstrate that the child support payment of $1,000.00 was ever, in fact, paid to defendant-appellee as alleged since no canceled check or other proof of payment was ever produced.
Plaintiff-appellant also maintains that he should have received credit for the entire $9,000.00 payment on defendant-appellee's behalf to Climaco, Climaco Seminatore rather than the $6,000.00 ultimately credited by the trial court. Plaintiff-appellant ignores the fact that defendant-appellee had come to an agreement with Climaco whereby she would only have to pay $6,000.00 in exchange for immediate payment. Given that immediate payment was prevented by plaintiff-appellant's failure to fully comply with the property division, it is apparent that the trial court properly excluded the additional $3,000.00 credit as it would not have been paid if plaintiff-appellant had complied with the agreed upon property division in a timely manner.
Plaintiff-appellant's contention that the trial court improperly awarded post-judgment interest on any unpaid portion of the $85,000.00 property division and the still to be transferred retirement assets is equally unfounded. Essentially, plaintiff-appellant maintains that interest should not have been awarded on the $85,000.00 property division settlement since the award itself was not payable until a future event; i.e., the date plaintiff-appellant secured a loan for that purpose. Plaintiff-appellant contends further that the court abused its discretion through its calculation of interest on specific unpaid items. Finally, plaintiff-appellant argues that interest on the retirement account was improper given defendant-appellee's failure to provide the necessary account number to effectuate the transfers as well as the fact that the divorce judgment specifically states that $25,000.00 be transferred with no provision for transfer of additional funds.
In Koegel v. Koegel (1982), 69 Ohio St.2d 355, 432 N.E.2d 206, the Ohio Supreme Court found that the decision as to whether to award interest upon obligations arising out of the division of marital property is within the sound discretion of the trial court. The court determined further that a trial court need not award post-judgment interest on an obligation which was not due and payable until a future date. Clearly, once a judgment is due and payable, interest on that judgment may be affixed. R.C.1343.03(A); Boes v. Boes (June 17, 1998), Seneca App. No. 13-98-10, unreported.
Plaintiff-appellant incorrectly argues that the $85,000.00 award was not due and payable until such time as he secured the necessary loan contemplated in the divorce decree. If this were true, plaintiff-appellant's obligation could theoretically never become due if he took no steps to secure the loan. Rather, the obligation clearly became due and payable when final judgment was rendered by the trial court. Civ.R. 53(E)(4)(a); see, also, Boes,supra. Therefore, the trial court did not abuse its discretion by awarding interest on the unpaid portion of the property division. In addition, it is apparent that the trial court did not abuse its discretion by awarding interest as of the date of the judgment on each separate item that constituted the unpaid portion of the property division; specifically, the Climaco legal bill and the GAL fee. As there was no agreement between the parties to pay these bills, the trial court could not deduct the amounts from the property division award until the date of the judgment, October 15, 1998. Interest on these amounts was then awarded accordingly.
Similarly, the trial court did not abuse its discretion by awarding interest on the still to be transferred retirement assets. A review of the record demonstrates that the retirement assets were intended to transfer at the time the divorce became final on October 15, 1993. For various reasons, the assets were not transferred as contemplated in the final entry and still had not transferred as of October 15, 1998. By awarding statutory interest on the $25,000.00, the trial court was merely attempting to place defendant-appellee in a position similar to the position she would have been in had the retirement assets been transferred in a timely fashion. Accordingly, this court cannot now say that an abuse of discretion occurred in this instance.
For the foregoing reasons, plaintiff-appellant's first assignment of error is not well taken.
Plaintiff-appellant's second assignment of error states:
 II. THE COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN ITS DETERMINATION OF THE CHILD SUPPORT OBLIGATIONS OF DEFENDANT-APPELLEE.
Plaintiff-appellant argues, through his second assignment of error, that the trial court improperly calculated defendant-appellee's child support obligations. Specifically, plaintiff-appellant maintains that the trial court did not possess sufficient evidence regarding defendant-appellee's income to arrive at an accurate child support figure. Plaintiff-appellant argues further that the trial court erred by overstating his actual income; by selecting an inappropriate date for the commencement of defendant-appellee's child support obligation; by refusing to allow plaintiff-appellant to testify as to defendant-appellee's alleged underemployment and by deviating from the child support guidelines in reaching its ultimate child support figure.
When reviewing the propriety of the trial court's determination of income in a matter involving child support, an appellate court applies an abuse of discretion standard of review.Leonard v. Erwin (1996), 111 Ohio App.3d 413, 415, citing Booth v.Booth (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030-1031. Under this standard, an appellate court will not reverse the decision of the trial court absent a showing of an abuse of discretion. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude is somehow unreasonable, arbitrary or unconscionable. Blakemore v. Blakernore,supra; Frederick v. Frederick (Feb. 26, 1998), Cuyahoga App. No. 72156, unreported.
In the case sub judice, a review of the record fails to support plaintiff-appellant's contention that the trial court based its determination of defendant-appellee's income on incomplete documentation. To the contrary, defendant-appellee presented a W-2 form and a tax return for the year 1995, a 1996 paycheck stub showing the total income received for ten months of that year, a W-2 for 1997 taxable year and paycheck stubs through July 30, 1998. Clearly, the trial court had before it sufficient evidence upon which to base the determination as to defendant-appellee's income for child support purposes. In addition, plaintiff-appellant's contention that the trial court overestimated his actual income is not supported by the record. While it is true that, at the time of the hearing, plaintiff-appellant earned approximately $180,000.00 per year in salary from United Airlines, plaintiff-appellant also had certain yearly investment income which, when added to his salary, brought his total income to approximately $200,000.00 per year as the trial court determined. Therefore, it is apparent from the record that the trial court did not err in calculating both parties' income for child support purposes.
A further review of the record fails to support plaintiff-appellant's assertion that the trial court erred in choosing January 1, 1998, as the commencement date for defendant-appellee's child support obligation rather than the date of the filing of plaintiff-appellant's motion to establish an order of child support. The trial court has discretion to modify a child support order and may do so retroactively. R.C. 3113.21; Archer v. Archer
(Sept. 24, 1997), Pickaway App. No. 96CA37, unreported. The trial court also possesses the discretion to limit the retroactivity of its order modifying child support, but if the trial court wishes to do so, it must state its reasons for the limitation. Oatey v.Oatey (Apr. 25, 1996), Cuyahoga App. Nos. 67809 and 67973, unreported; O'Neill v. O'Neill (May 20, 1999), Cuyahoga App. No. 73407, unreported. In this instance, the trial court did, in fact, state the reasons for limiting the retroactivity of the child support award finding that the requisite change of circumstances necessitating defendant-appellee's obligation to pay child support did not occur until December of 1997. Therefore1 the trial court did not abuse its discretion by ordering defendant-appellee's child support obligation to begin as of January of 1998. See Smith v.Smith (May 21, 1999), Montgomery App. No. 17486, unreported.
Plaintiff-appellant's contention that he should have been permitted to testify as an expert regarding defendant-appellee's alleged underemployment is equally unfounded. Even if one were to disregard plaintiff-appellant's obvious bias in this matter, the record fails to demonstrate that plaintiff-appellant's position in the pilot's association would, in any way, qualify him as an expert on the subject of a flight attendant's employment schedule. Therefore, considering plaintiff-appellant's obvious predisposition and lack of qualifications, it is apparent that the trial court did not abuse its discretion by excluding plaintiff-appellant's proposed expert testimony on defendant-appellee's alleged underemployment.[1] See, generally, Woloch v. Foster
(1994), 98 Ohio App.3d 806, 811, 649 N.E.2d 918.
Lastly, plaintiff-appellant's contention that the trial court improperly deviated from the child support guidelines is without merit. In Marker v. Grimm (1992), 65 Ohio St.3d 139,601 N.E.2d 496, the Supreme Court held that the trial court must follow the child support statute, R.C. 3113.215, "literally and technically in all material respects." The court stated further that any court-ordered deviation from the applicable worksheet and the basic child support schedule must be entered by the court in its journal and must include findings of fact to support such determination. However, in shared parenting situations, the trial court is not obligated to employ a set formula for calculating child support, but must "analyze each request for deviation based upon the best interest of the children and the facts and circumstances of that case." See Pauly v. Pauly (1997), 80 Ohio St.3d 386,686 N.E.2d 1108; Donaldson v. Donaldson (Jan. 30, 1997), Franklin App. No. 96APF06-766, unreported. In this matter, the record demonstrates that plaintiff-appellant's income and life-style greatly exceeded that of defendant-appellee. The trial court properly applied these factors in concluding that a deviation in the child support guidelines was in the best interest of the remaining minor child. Smith, supra. Clearly, the trial court related these differences to the needs of the child. Accordingly, no abuse of discretion occurred in this instance.
For the foregoing reasons, plaintiff-appellant's second assignment of error is not well taken.
Plaintiff-appellant's third assignment of error states:
 III. THE JUDGMENT BELOW DENYING PLAINTIFF'S MOTION TO SHOW CAUSE WITHOUT PERMITTING TESTIMONY THEREON IS CONTRARY TO LAW, AN ABUSE OF DISCRETION, AND DEPRIVES PLAINTIFF THE RIGHT TO A HEARING IN VIOLATION OF HIS RIGHT TO DUE PROCESS OF LAW.
Plaintiff-appellant argues, through his third assignment of error, that the trial court improperly denied his motion to show cause. Specifically, plaintiff-appellant maintains that he was denied full access to the courts and wrongfully prevented from presenting his case by the trial court's ruling which was based upon plaintiff-appellant's purported failure to comply with Loc.R. 20(A) of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, which provides:
 (A) Any motion to show cause shall state with specificity each provision of a prior court order with which a party has failed to comply, the date of such order, and the facts constituting the noncompliance. The motion shall be supported by affidavit.
It is plaintiff-appellant's position that, given the fact that the motion was pending for approximately two and one-half years, the trial court's reliance upon Loc.R. 20(A) to dismiss the motion during the hearing was clearly improper given the advanced stage of the proceedings. Plaintiff-appellant argues further that, at the time of the ruling, the trial court stated that its dismissal would not act as a bar to a properly supported motion filed at a later date. (T. 750-760.) However, plaintiff-appellant argues that the trial court's judgment entry, which merely states that the motion is denied, conveys the impression that its ruling was based upon the merits thereby acting as a bar to any subsequent re-filing.
Plaintiff-appellant relies mainly upon this court's decision in Bacharowski v. Bacharowski (Sept. 11, 1997), Cuyahoga App. No. 71164, unreported, in support of his contention that the motion to show cause should not have been dismissed pursuant to Loc.R. 20 once the underlying hearings commenced. However, plaintiff-appellant's reliance upon Bacharowski is misplaced. In Bacharowski,
this court determined that, since no objection had been raised in the trial court as to the applicability of Loc.R. 20 prior to hearing:
 * * * we conclude that the requirements of Local Rule 20 are not actually at issue herein.
 As to the separate issue of whether plaintiff met her evidentiary burden at the hearing on the motion, a matter which was raised below, (see T. 13) * * * (Emphasis added.)
In the case herein, a review of the record reveals that, unlike Bacharowski, defendant-appellee did in fact raise the issue of whether plaintiff-appellant's motion to show cause had been filed in compliance with Loc.R. 20 during the trial court proceedings. In Bacharowski, the complaining party clearly failed to raise the issue below thereby precluding review on appeal. Accordingly, Bacharowskiis not dispositive of the instant assignment of error.
A further review of plaintiff-appellant's motion to show cause demonstrates that it was not, as the trial court determined, in compliance with Loc.R. 20. The motion itself provides only:
 * * * to order Defendant to show cause why she should not be held in contempt of court for her continuous violations of prior orders of court * * *.
Similarly, the supporting affidavit provides only:
 Since the decree of divorce herein, Defendant has continuously, deliberately, repeatedly and regularly violated the terms and conditions of the decree of divorce and the shared parenting plan, oftentimes maliciously. Defendant's actions are such that she should be punished for contempt. Defendant's actions are violative of the rights of affiant and contrary to the best interests of the minor children, as will be set forth with specificity at hearing thereon.
Without significantly more detail, it is apparent that the trial court properly dismissed plaintiff-appellant's motion to show cause as being "vague, ambiguous and nonspecific" and, therefore, not in compliance with Loc.R. 20 of the Cuyahoga County Court of Common Pleas, Domestic Relations Division.
However, plaintiff-appellant's contention that the dismissal was not meant to be one upon the merits is supported by the record herein. Specifically, the trial court stated as follows:
 If you file a motion that is in compliance with Rule 20 and they are issues —
 It is very difficult to tell what issues were raised under that particular motion, but they are not issues that we disposed of in that motion, then you can refile.
(T. 752.) In addition, the very language of the trial court's judgment entry is indicative of a dismissal other than upon the merits. Plaintiff-appellant's motion was dismissed for the sole reason of noncompliance with Loc.R. 20, clearly a procedural defect that, once cured, would not act as a bar to the litigation of the subject issues. Contrary to plaintiff-appellant's position, this fact is clear from the judgment entry itself and reversal upon this issue is not warranted.
For the foregoing reasons, plaintiff-appellant's third assignment of error is not well taken.
Plaintiff-appellant's fourth and final assignment of error states:
 IV. THE AWARD OF ATTORNEY FEES TO THE DEFENDANT AND THE DENIAL OF ATTORNEY FEES TO PLAINTIFF IS CONTRARY TO LAW AND CONSTITUTES AN ABUSE OF DISCRETION.
Plaintiff-appellant argues, through his fourth and final assignment of error, that the trial court erred in awarding attorney fees to defendant-appellee and denying his own request for the same. It is plaintiff-appellant's position that the attorney fee award to defendant-appellee is improper since it is based entirely upon a mathematical calculation of hours multiplied by the hourly rate without regard to the admissions of inaccuracy contained in the record. Plaintiff-appellant contends that such procedure is clearly improper and warrants reversal of the award.
Generally, the award of attorney fees in a domestic relations action is within the sound discretion of the trial court. Swansonv. Swanson (1976), 48 Ohio App.2d 85, 355 N.E.2d 894. On appeal, a reviewing court is limited to determining "whether the factual conclusions upon which the trial court based the exercise of its discretion were against the manifest weight of the evidence, or whether there was an abuse of discretion." McCoy v. McCoy (1993),91 Ohio App.3d 570, 632 N.E.2d 1358, citing Swanson, supra; Oateyv. Oatey (1992), 83 Ohio App.3d 251, 614 N.E.2d 1054.
In light of the trial court's determination that plaintiff-appellant had failed to fully comply with the property division award, the subsequent finding of contempt and the significant difference in the earning capacity of the parties, this court cannot now say that the trial court abused its discretion by awarding attorney fees to defendant-appellee. See R.C. 3105.21(C); Hughes v. Hughes (1991), 72 Ohio App.3d 286,292, 594 N.E.2d 653; Gourash v. Gourash (Sept. 2, 1999), Cuyahoga App. Nos. 71882, 73971, unreported; Kotoch v. Kotoch (July 9, 1998), Cuyahoga App. No. 72919, unreported.
Plaintiff-appellant's fourth and final assignment of error is not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court — Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ MICHAEL J. CORRIGAN, JUDGE
 DYKE, A.J., and KILBANE, J., CONCUR.
[1] Plaintiff-appellant's contention that the trial court erred by not hearing a proffer of his proposed expert testimony regarding defendant-appellee's underemployment is not supported by the record since the trial court had already ruled the evidence was inadmissable.