OPINION JOURNAL ENTRY
{¶ 1} On August 9, 2002, Relator filed a Complaint in Prohibition to prohibit Respondents from conducting hearings scheduled for August 9, 2002 and August 12, 2002. This Court issued a temporary stay of the scheduled hearings and set the matter for hearing on August 29, 2002. On August 19, 2002 Respondents filed a motion to dismiss under Rule 12(B)(6) of the Ohio Rules of Civil Procedure. Hearing was conducted as scheduled and the matter now comes on for determination.
 {¶ 2} In order to be entitled to a writ of prohibition a Relator must demonstrate:
 {¶ 3} "* * * the respondent must be about to exercise judicial or quasi-judicial power, the exercise of that power must be unauthorized by law and refusal of the writ must result in injury for which no other adequate legal remedy exists." State ex rel. Ohio Edison v. Shaker
(1994), 68 Ohio St.3d 209, 210.
 {¶ 4} The scheduled hearings complained of in this original action are show cause or motion hearings scheduled before the Court of Common Pleas and a magistrate of that court. All pending motions pertain to domestic relations Case No. 97-DR-462, captioned Hoppel v. Hoppel.
 {¶ 5} Pursuant to R.C. 2705.031(B)(2):
 {¶ 6} "(2) Any parent who is granted parenting time rights under a parenting time order or decree issued pursuant to section 3109.051 or 3109.12 of the Revised Code, any person who is granted visitation rights under a visitation order or decree issued pursuant to section 3109.051, 3109.11, or 3109.12 of the Revised Code or pursuant to any other provision of the Revised Code, or any other person who is subject to any parenting time or visitation order or decree, may initiate a contempt action for a failure to comply with, or an interference with, the order or decree."
 {¶ 7} In a post-divorce proceeding a trial court may exercise its powers of contempt to punish any party over whom it has jurisdiction by virtue of the previous divorce decree, when said party purposely resists doing an act, when done, would effectuate the court's clear intent as expressed in the final order of divorce. Hughes v. Hughes (1991),72 Ohio App.3d 286 at Headnote 3. Clearly, a trial court has authority to enforce its orders through contempt proceedings. See 2705.01 et seq.
 {¶ 8} Any substantial right affected by a judgment after the show cause hearing is adequately protected by a direct appeal after judgment. In the same manner, a decision of the magistrate is subject to review by the trial court. Civ.R. 53(E)(4).
 {¶ 9} Moreover, pursuant to the rules of appellate procedure, a party may seek a stay of enforcement of a judgment while the matter is pending before the court of appeals.
 {¶ 10} Relator has failed to demonstrate that Respondents patently and unambiguously lack jurisdiction to conduct hearings on the motions that were filed in Common Pleas Case No. 97-DR-462. To the contrary, Respondents are statutorily empowered to conduct the hearings as scheduled. Any adverse judgment may be reviewed on direct appeal. As Relator has an adequate legal remedy, the extraordinary writ of prohibition is not available.
 {¶ 11} Relator also questions the impartiality of the trial court. The law of Ohio permits the filing of an affidavit of disqualification with the Clerk of the Ohio Supreme Court when bias of a judge is asserted. R.C. 2701.03. An action in prohibition is not a substitute remedy.
 {¶ 12} This Court is mindful of the very serious concerns presented by Relator in this complaint. Undoubtedly, concerns over the safety, welfare and best interest of the minor child will be paramount when the trial court renders its decision on the pending motions. Should Relator disagree with the Respondents' judgment, she has the legal remedy of immediate appeal and to seek a protective order while the appeal is pending.
 {¶ 13} Relator also claims that Judge Pike is unable to take action at said contempt hearing due to lack of service. There is nothing to indicate that Judge Pike would not follow proper procedure and take action unauthorized by law such as making a contempt finding and sentencing someone not served with notice. If that should occur, Relator's remedy is to appeal and seek an immediate stay of Respondent's judgment.
 {¶ 14} Prohibition is not an available remedy on the facts averred in the complaint. Respondents' motion to dismiss for failure to state a claim upon which relief could be granted is sustained. Petition for Writ of Prohibition is dismissed. Temporary stay order issued by this Court on August 9, 2002 is vacated and set aside. Costs taxed against Relator. Final order. Clerk to serve notice of this opinion and journal entry on all counsel of record, Judge C. Ashley Pike, Magistrate Carol Robb and Rhonda L. Hoppel at her address listed in the complaint.
Donofrio, J., concurs.
Waite, J., concurs.
DeGenaro, J., concurs.