OPINION *Page 2 
{¶ 1} The plaintiff-appellant, Gerald Laver, appeals the judgment of the Henry County Common Pleas Court Family Division ordering him to pay child support. On appeal, Gerald contends that the trial court did not have jurisdiction to enter judgment; that the trial court erred by ordering retroactive child support; and that the trial court erred by failing to consider the child's adoption subsidy in calculating the child support obligation. For the reasons set forth herein, the judgment of the trial court is affirmed in part and reversed in part.
 {¶ 2} Gerald and the defendant-appellee, Michelle Laver, were divorced on February 21, 1995. During the course of their marriage, the parties had four biological children and adopted a fifth child shortly after her birth. The final divorce decree approved and incorporated a shared parenting plan entered into by the parties in which they agreed that three of the children would live with Gerald and the youngest two children would live with Michelle. Gerald agreed to pay child support in the amount of $48 per week, and the parties agreed to share the adoption subsidy received on behalf of the youngest child due to her special needs.
 {¶ 3} On October 4, 1995, the court approved a consent judgment entry to modify the shared parenting plan by naming Gerald as the residential parent of all five children. The entry also specified that Michelle was to pay child support in *Page 3 
the amount of $50 per week, though Gerald agreed to waive the support so long as Michelle was actively pursuing her education. On December 17, 1999, the court filed a consent judgment entry amending the shared parenting plan to name Michelle as the residential parent of the parties' youngest child, who had been adopted. Gerald remained the residential parent of the four older children, and the order specified that there would be no changes to the "current child support arrangements" (i.e., requiring Michelle to pay $50 per week in support).
 {¶ 4} On October 3, 2005, the Henry County Child Support Enforcement Agency ("CSEA") filed a notice to the court requesting a hearing on the parties' child support obligations. The CSEA filed the notice after Michelle requested an administrative review of the child support order, and the agency determined it had a conflict of interest because Gerald is the executive director of the CSEA. On October 5, 2005, the court filed a notice of hearing, which was scheduled for October 31, 2005. On October 6, 2005, Gerald filed a "reply and motion" in which he argued that Michelle's request was inconsistent with the court's prior orders, and that if the court heard the matter, he should be entitled to certain offsets. The "motion" filed by Gerald requested that he be designated residential parent of the minor child, [1] and that the court reallocate all residual rights, including the financial support. *Page 4 
 {¶ 5} Apparently, the trial court held a pre-trial via telephone on July 31, 2006, at which time Michelle's counsel orally requested child support from Gerald. On October 20, 2006, Gerald filed a memorandum arguing that Michelle was not entitled to temporary orders of support; that the CSEA should have summarily dismissed Michelle's request for an administrative review because they never had an active case for the parties since Michelle had never paid support under the December 1999 judgment entry; that Michelle had not properly invoked the court's jurisdiction under Civ. R. 75(J) because she had not filed a motion; and that he had not been served with service of process as required by Civ. R. 75(J). On October 23, 2006, Gerald filed an addendum to his memorandum, and on October 24, 2006, Michelle filed a response to Gerald's memorandum.
 {¶ 6} On February 1, 2007, the trial court granted temporary orders to Michelle and ordered Gerald to pay child support of $527.75 per month retroactive to July 31, 2006. The court stated that issues concerning the child's adoption subsidy and the effective date of support would be resolved at a later date. The court apparently held a hearing on March 15 and 16, 2007; however, no transcript has been provided to the Court. In his appellate brief, Gerald states that he learned after the dates of the hearing that a transcript could not be obtained because the hearing had not been recorded. *Page 5 
 {¶ 7} Following the hearing, both parties filed post-hearing briefs. On June 18, 2007, the court filed its findings of fact and conclusions of law. The court journalized its orders on April 30, 2008. In its order, the court retained Michelle as the residential parent of the minor child, overruled Gerald's jurisdictional objections, awarded the adoption subsidy to Michelle, did not factor the adoption subsidy into its child support calculation because the subsidy is for "extraordinary costs" and ordered Gerald to pay child support of $876.92 per month retroactive to July 31, 2006. Gerald appeals the judgment of the trial court and raises three assignments of error for our review.
 Assignment of Error No. 1 The court abused its discretion and committed reversible legal error by establishing a child support order when the continuing jurisdiction of the court had not been properly invoked pursuant to R.C. 3119.60, et seq., or Ohio R. Civ. P. 75(J) to judicially modify the court's prior child support order.
 Assignment of Error No. 2 The Court abused its discretion and committed reversible error by retroactively modifying the parties' child support obligations to pay a delinquent child support payment in violation of R.C. 3119.83.
 Assignment of Error No. 3 The Court abused its discretion and committed reversible legal error by establishing a child support order that failed to take into proper consideration the child's adoption subsidy received by the Defendant. *Page 6 
 {¶ 8} In his first assignment of error, Gerald essentially contends that the trial court's continuing jurisdiction was not properly invoked by the CSEA's filing of a notice. Generally, the continuing jurisdiction of the domestic relations court is invoked by the filing of a motion and service of process pursuant to Civ. R. 75(J). In Cooper v. Cooper (1983),10 Ohio App.3d 143, 460 N.E.2d 1137, the Director of the Bureau of Support filed "its `report to the Court that a change in circumstances has occurred in the income of . . . Roy E. Cooper and suggest[ed] to the Court that the Court consider a modification of the support order heretofore made.'" The trial court set the matter for hearing. Id. at 143. The appellant and her attorney appeared in court and defended on the merits, and the appellee also appeared to prosecute his cause. Id. The judgment entry indicated that the matter had come before the court on its own motion, and the court reduced the appellee's support obligation. Id. at 144. The appellant argued that the trial court erred because its continuing jurisdiction had not been invoked by a motion as required under the Civil Rules. Id.
 {¶ 9} Writing for the court, Judge Guernsey stated that the trial court had "retained continuing jurisdiction over both the subject matter and the parties to modify its previous child support order and that jurisdiction could be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Rule 4 through Rule 4.6." Id. at 145. *Page 7 
The court noted the appellant's appearance in court, lack of objection to jurisdiction, and her participation on the merits of the case and determined that the appellant had "waived any requirement that the continuing jurisdiction be invoked by the husband's motion, and in any event, was not prejudiced by the mere fact that it was invoked by the court's motion rather than the husband's." Id. at 145. We find this rationale convincing. Gerald's first filing was his "reply and motion." His response essentially requested a set-off based on his support of all five children for approximately four years, his support of the eldest four children for the duration of their minority, and other financial burdens he had assumed since the parties' divorce. Nowhere in the response did Gerald challenge the invocation of the court's continuing jurisdiction. By defending on the merits of the case, Gerald did not contest jurisdiction and thus waived the issue. See Cooper, at 145.
 {¶ 10} We also note that Gerald's "reply and motion" included a motion to modify the shared parenting plan. Gerald requested that the court designate him as the child's residential parent, and that the court "reallocate the residual rights and responsibilities of the minor child consistent therewith, including rights of financial support, tax dependency exemption, and such other matters as are just and proper and in the best interest of the minor child." (Reply and Mot., Oct. 6, 2005, at 3). Having filed the motion, Gerald subjected himself to the court's *Page 8 
jurisdiction even if the court did not ultimately grant the relief requested. The first assignment of error is overruled.
 {¶ 11} In the second assignment of error, Gerald contends that the trial court erred by ordering him to pay child support retroactive to July 31, 2006. In the third assignment of error, Gerald argues the trial court erred by excluding the child's adoption subsidy from its calculation of child support.
 {¶ 12} Before turning to the merits of Gerald's assignments of error, we note that the trial court did not make a best interest determination in its judgment entry. R.C. 3109.04(E)(2)(b) provides:
 The court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children.
The Supreme Court of Ohio had determined that the term "plan" used in R.C. 3109.04(E)(2)(b) includes "provisions relevant to the care of a child" Fisher v. Hasenjager, 116 Ohio St.3d 53, 2007-Ohio-5589,876 N.E.2d 546, at ¶ 30, citing R.C. 3109.04(G). A shared parenting plan must "include the amount a parent owes for child support." Id. Thus, a "modification of child support" is a change in the terms of a shared parenting plan, and the trial court is required to find that a *Page 9 
modification would be in the child's best interest. See Ankney v.Bonos, 9th Dist. No. 23178, 2006-Ohio-6009, at ¶ 9;Pedraza v. Collier, 3d Dist. No. 7-06-03, 2007-Ohio-3835, at ¶ 24
("whether a trial court elects to modify a shared parenting plan under * * * 3109.04(E)(2)(b), any modifications to a shared parenting decree require that the modifications be in the best interests of the children involved.").
 {¶ 13} Here, the trial court made no finding as to the child's best interest. In its judgment entry, the court made five findings of fact and five findings of law, none of which mentioned the best interests of the child. Having made no finding as to the child's best interest, the judgment is contrary to law. As such, we may not address the merits of Gerald's second and third assignments of error without rendering an improper advisory opinion. Cascioli v. Centr. Mut. Ins. Co. (1983),4 Ohio St.3d 179, 183, 448 N.E.2d 126. Since the final judgment is contrary to law for failure to make required findings, for which reversal and remand is necessary, the second and third assignments of error are premature.
 {¶ 14} The judgment of the Henry County Common Pleas Court Family Division is affirmed in part and reversed in part. This cause is remanded for further proceedings consistent with this opinion.
Judgment Affirmed in Part, Reversed in Part, and Cause Remanded.
 PRESTON and ROGERS, J.J., concur.
[1] The oldest four children were emancipated and were not at issue in any of the litigation begun in October 2005. *Page 1