JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Appellant, Donna M. Heary, appeals from an order rendered by the Domestic Relations Court on May 26, 2000 finding appellee, Andrew D. Heary, in contempt of court and sentencing him to 30 days in jail with a purge payment of $12,000. Mrs. Heary claims that the trial court abused its discretion because it cannot sua sponte modify its original final order of March 30, 2000 without a Civ.R. 60(B) motion or appeal by Mr. Heary. After review of the proceedings, we reject these contentions and affirm the judgment of the trial court.
Donna M. Heary and Andrew D. Heary were married on April 24, 1976. Two children were born of the marriage: Andrea Marie Heary, born August 9, 1977 and Nicholas Gerard Heary, born December 24, 1980. On July 23, 1999, the marriage was dissolved by decree of the Cuyahoga County Court of Common Pleas, Domestic Relations Division. The original decree named Mrs. Heary as residential parent of the minor child, Nicholas Geary, and ordered Mr. Heary to pay child and spousal support in the amount of $3,648.20 per month.
On December 11, 1998, Mrs. Heary filed an emergency motion to show cause, alleging that Mr. Heary had failed to pay his child and spousal support obligations. On July 15, 1999, Mrs. Heary filed another motion to show cause, alleging that Mr. Heary had wrongfully dissipated funds from his pension and long-term savings plans in violation of the court's restraining order.
A contempt hearing was held on September 7 and 8, 1999, before a magistrate. Both parties testified and witnesses were presented. The magistrate issued his decision on January 13, 2000, and found Mr. Heary in contempt for failing to pay support and divesting funds from a marital pension fund. Mr. Heary was sentenced to two separate 30 days in jail subject to two purge payments of $75,000.00 and $19,571.00, to be paid on or before April 30, 2000. On February 28, 2000, Mr. Heary filed objections to the magistrate's decision. On March 30, 2000, the trial court overruled the objections and adopted the magistrate's decision.
On May 17, 2000, a capias was issued for Mr. Heary's arrest for failure to comply with the court's order of March 30, 2000. A hearing was held on May 26, 2000; however, the record is devoid of any transcript. The Journal Entry for that day reflects that the trial court found Mr. Heary guilty of contempt and sentenced him to 30 days in jail, subject to a purge payment of $12,000 to the Cuyahoga Support Enforcement Agency. Later that day, Mr. Heary was released from jail after depositing the sum of $12,000 with CSEA.
Mrs. Heary raises one assignment of error in her brief before us.
 I. THE TRIAL COURT ABUSED ITS DISCRETION, EXCEEDED ITS JURISDICTION AND COMMITTED REVERSIBLE ERROR BY, SUA SPONTE, GRANTING APPELLEE RELIEF FROM ITS JUDGMENT OF MARCH 30, 2000, IN THE ABSENCE OF A RULE 60(B) MOTION FOR AN APPEAL AND REMAND GIVING THE TRIAL COURT JURISDICTION TO DO SO.
In her sole assignment of error, Mrs. Heary contends that the trial court improperly modified Mr. Heary's sentence by reducing his jail sentence by half and the purge-payment by more than 75%, and erred by not requiring Mr. Heary to serve any of his sentence for contempt.
We begin by stating that an appellate court will not reverse a contempt order absent an abuse of discretion. State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10, 11; Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Abuse of discretion consists of more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable or arbitrary. State v. Lessin (1993),67 Ohio St.3d 487.
Pursuant to Civ.R. 75(I), a domestic relations court has jurisdiction to enforce its previous orders. Hughes v. Hughes (1991),72 Ohio App.3d 286, 289. This includes the power to punish a party who refuses to comply with a support order or any other lawful order of the court. Id; R.C. S2705.02.
Here, the trial court's original order of March 30, 2000 found Mr. Heary in contempt for failing to pay support and divesting funds from a marital pension fund and sentenced him to two separate 30 days in jail subject to two purge payments of $75,000.00 and $19,571.00. This order was modified and reduced by the court on May 26, 2000 to 30 days in jail, subject to a purge payment of $12,000.
The power of the trial court to find a party in contempt is an inherent power necessary to the exercise of judicial functions. Denovchek v. Bd. of Trumbull Cty. Commrs. (1988), 36 Ohio St.3d 14, 15. The trial court may exercise this inherent power as it deems necessary for the orderly control of its docket. This necessary exercise of contempt power includes the ability to modify prior orders, as was done here by the trial court. Thus, the trial court properly exercised its power when it modified the earlier order. Moreover, R.C. S2705.05(A)(2) makes the imposition of any penalties discretionary with the trial court. See Ronyak v. Ronyak (Aug. 30, 1991), Trumbull App. No. 90-T-4425, unreported; State, ex rel. Norris v. McGill (June 30, 1995), Erie App. No. E-94-055, unreported. Accordingly, the trial court did not abuse its discretion.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________ JAMES J. SWEENEY, J.:
KARPINSKI, A.J., and ROCCO, J., CONCUR.